(63 South. 493.)

No. 19,561.

DOUGHERTY v. NEW ORLEANS RY. & LIGHT CO.

(Nov. 17, 1913.)

*(Syllabus by the Court.)*

1. ABATEMENT AND REVIVAL (§ 54*)—SURVIVAL—PERSONAL INJURIES.

The right of action conferred by the first paragraph of Act 120 of 1908 upon a person who is injured through the fault of another for the recovery of damages for the injury sustained by him survives in favor of the other parties mentioned only in the event that it is not exercised and exhausted by the party injured.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 100, 255; Dec. Dig. § 54.*]

2. DEATH (§§ 86, 88*) — RIGHT OF ACTION — DAMAGES RECOVERABLE.

The second paragraph of Act 120 of 1908 confers upon the parties mentioned in the first a distinct right of action for the recovery of the damages sustained by them in consequence of the death, through the fault of another, of a parent, child, etc., and there may be included in such recovery damages for the loss of such material aid and support as might reasonably have been expected, and for the loss of the society, moral support, counsel, affection, and kindly offices of the decedent.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 182, 202, 203; Dec. Dig. §§ 86, 88.*]

3. DEATH (§ 18*)—RIGHT OF ACTION—DAMAGES RECOVERABLE.

Where a person injured through the fault of another has himself sued for and recovered an amount as compensation for expenses incurred, and for time lost and suffering endured, and to be lost and endured in the future, no claims on those counts survives in favor of any one. And in such case, where it appears that the injury complained of incapacitated the party injured at the time, and permanently, for any useful or profitable work, and that thereafter until his death "he was a misery to himself and a burden to others," it cannot be said that his heirs sustained any loss, whether material, moral, or mental, by reason of his death, and there can be no recovery of damages on that account.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 37; Dec. Dig. § 18.*]

Appeal from the Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by John J. Dougherty against the New Orleans Railway & Light Company.

133 LA.—32

From judgment for plaintiffs, defendant appeals. Reversed.

Dart, Kernan & Dart, of New Orleans, for appellant. B. B. Howard and H. O. Hollander, both of New Orleans, for appellees.

Statement of the Case.

MONROE, J. James Dougherty, the father and grandfather of the present plaintiffs, whilst a passenger in one of defendant's cars, on December 3, 1907, received certain injuries in a collision, and thereafter brought a suit against defendant, in which he prayed that damages be awarded him (1) for loss of earnings, at $6 per day, from the date of the accident to the date of the suit; (2) loss of earnings at the same rate, during the period of his expectancy of life, say ten years; (3) expenses for drugs and medicines; (4) pain and inconvenience suffered and to be suffered. He obtained judgment in the district court for $5,000, which, on appeal to this court, was increased to $7,500; but he died shortly after the judgment became final, and the amount was paid to his executor, who, after paying the debts of the succession, distributed the balance among the heirs—the plaintiffs now before the court, including the executor himself—they being the children and (two) grandchildren of the decedent. They allege that in the accident mentioned their father and grandfather received a blow, as a result of which there developed the disease of the heart of which he died, and that they are entitled—

"to recover for the life of their said parent from said defendant company; that petitioners set forth their damages as follows: For the loss of the life of their said parent, $15,000; of their being deprived of the revenue and earnings of their said parent, four of whom were dependent upon him for support and maintenance, to wit, Miss Johanna Dougherty, Miss Margaret Dougherty, and the minors Claire and James Dougherty, Jr., $10,000."

Defendant, after a general denial, alleges that the decedent himself obtained judgment

for the suffering, loss of earning capacity, and shortening of life said to have been caused by the accident, and that the proceeds of that judgment were distributed among the plaintiffs, as his heirs, and hence that they have no standing to claim anything more. The testimony as found in the transcript in the former case was offered in evidence as showing the nature and the effect, up to the trial of that case, of the injuries received by decedent, in addition to which the physician who treated decedent for those injuries testified that they undoubtedly caused his death, and there is no other testimony on that point. The same witness gave the following testimony, which is wholly uncontradicted, to wit:

"Q. Now, Mr. Dougherty did practically no work after his injury, did he? A. Practically none. Q. His condition was one of continued sickness? A. Yes, sir. Q. Gradually getting — ? A. Gradually getting worse. Q. From bad to worse? A. Yes, sir. Q. So that he was a burden to himself and to those who had to support him? A. He was a misery to himself, a burden to others, I believe, and constantly suffering from dyspnœa, or difficult breathing. * * * "

No witness testified that plaintiffs have suffered by reason of being deprived of the decedent's society, sympathy, counsel, affection, or moral support, or that they have grieved that death should have relieved him of his sufferings.

### Opinion.

[1] The evidence in the original suit satisfied this court that the injuries which the then plaintiff received by reason of the negligent handling of defendant's cars were the cause of an affection of the heart, which had entirely incapacitated him for any useful or profitable work, and which would inevitably cause his death, and the additional evidence adduced in this case merely confirms that diagnosis and prognosis. The injured man himself, however, had the right to claim, and did claim, and obtained judgment for, and there was paid to his executor, his creditors, and his heirs—the present plaintiffs—an amount of money which this court assessed as compensation for the suffering that he had endured and was to endure, for the time that he had lost and would lose in the future during the ten years that it was expected that he would have lived if he had not been injured, and for the expense that he had incurred in consequence of his injuries. The statute under which the present suit is brought (Act No. 120 of 1908) amends and re-enacts Act No. 71 of 1884, which amends and re-enacts C. C. 2315, so that said article now reads as follows:

"Art. 2315. Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it; the right of this action shall survive in case of death in favor of the children or widow of the deceased or either of them, and in default of these in favor of the surviving father and mother or either of them, and in default of any of the above persons, then in favor of the surviving brothers and sisters or either of them, for the space of one year from the death; provided, that should the deceased leave a widow together with minor children, the right of action shall accrue to both the widow and minor children; provided, further, that the right of action shall accrue to the major children only in those cases where there [?] no surviving widow or minor child or children.

"The survivors above mentioned may also recover the damages sustained by them by the death of the parent or child or husband or wife or brothers or sisters as the     may be."

It will be observed that the first paragraph of the act deals with the right of action which is conferred upon the party who is injured to recover the damages resulting from the injuries *sustained by him*, and it is clear that, if that right is exercised and exhausted by the injured party himself, it cannot survive in favor of his heirs, who succeed to the right of action so conferred only in the event that the injured man dies without having exercised it. In this case, for instance, the injured man exercised his right to sue for compensation for time lost, expense incurred, and suffering endured (up to the bringing of the suit) in consequence of his injuries, and for compensation in advance for time to be there-

after lost and suffering to be thereafter endured by reason of the wreck of his physical constitution and the entire and permanent destruction of his earning capacity, and, having obtained judgment on those counts, and the judgment having been paid, no part of the claim as originally set up survived the death of the plaintiff or can be reasserted by any one else.

[2] The second paragraph of the act, however, confers upon the parties mentioned in the first a distinct right of action for the recovery of the damages *sustained by them by reason of the death of the injured man*, a right which, in the nature of things, could never have been exercised by him, and which, as conferred upon those who survive him, cannot include any of the elements which constitute the right conferred on the injured man.

The question, then, is, What does it include? Apart from the injuries sustained by the man himself, and for which he himself may recover, what loss or injury can the parties so related to the man as those mentioned in the act here in question sustain by reason of his *death?* The answer is that they may lose the material support which they would otherwise have the right to expect from the decedent, and may also lose his society, moral support, counsel, and kindly offices, and may thereby have inflicted upon them mental suffering than which there can be none more distressing. Underwood v. Gulf Refining Co., 128 La. 986, 55 South. 641.

[3] The evidence in this case, however, shows, as we have stated, that, as a result of the injury received by him, plaintiffs' father was incapacitated from rendering them any material support whatever, that it was made clear, in the suit brought by him, that he would never be able to engage in any useful or profitable occupation, and the judgment obtained by him was intended to award him compensation for that disability. It cannot, therefore, be said that plaintiff suffered any material loss by reason of his death, though the case would, perhaps, be different if their father's earning capacity had only been impaired by reason of his injuries, and if, at the time of his death, he had retained a portion of that capacity, to which plaintiffs might still have looked for aid or maintenance.

The uncontradicted evidence in the record also shows that, as a result of his injuries, plaintiffs' father "was a misery to himself, and a burden to others," and, as there is no suggestion in the pleadings, so there is not a word of testimony to indicate that his death was anything but a relief to him and to those who were obliged to witness his sufferings.

We therefore conclude that in the death of their father plaintiffs have lost nothing and have sustained no injury for which, under the law upon which they rely, they are entitled to recover. Whether the grandchildren would have the right to recover, in any event, is a question upon which it is unnecessary, under the circumstances, to express an opinion.

It is ordered that the judgment appealed from be reversed and set aside, and that plaintiffs' demand be rejected, and this suit dismissed at their cost.