No. 24,503.

Louisa Goodyear, as Administratrix of the Estate of Lewis Goodyear, Deceased, *Appellant*, v. James C. Davis, Director General of Railroads, *Appellee*.

OPINION DENYING A REHEARING.

Appeal from Republic district court; John C. Hogin, judge. Opinion denying a rehearing filed January 12, 1924. (For original opinion of reversal see 114 Kan. 557.)

*Nelson J. Ward,* and *John F. McClure,* both of Belleville, for the appellant.

*W. D. Vance,* of Belleville, *Luther Burns,* and *John E. DuMars,* both of Topeka, for the appellee.

The opinion of the court was delivered by

Harvey, J.: Appellant asks for a rehearing and calls our attention to instructions complained of in his brief, not mentioned in the opinion, pertaining to the mental capacity of Lewis Goodyear to execute the release and pertaining to the mutual mistake plead by plaintiff as a reason for setting aside the release. Some of these instructions should have been discussed in the opinion but we shall not attempt to discuss them now. On the retrial, which will involve these issues, we simply wish to say that our silence concerning them in the opinion does not mean that we approve in all respects the instructions as given. On the retrial instructions should be given upon those points in conformity with other opinions of this court and the facts as they develop at the trial. There should be no difficulty about the matter.

Appellee petitions for rehearing upon the principal question decided. The arguments made were considered when the opinion was written. Most of the authorities cited were examined and many of them cited. Our attention is called to *Frese v. C. B. & Q. R. Co.,* decided by the supreme court October 15, 1923, 44 Sup. Ct. Rep. 2. In that case it was held that the injury occurred under such circumstances that the railroad company was not liable to anyone, hence it was not liable to the employee's personal representative. It is said in the opinion, "If the engineer could not have recovered for his injury, an administrator cannot recover for his death," and cites *Mich. Cent. R. R. v. Vreeland,* 227 U. S. 59, 70. This is a correct statement as applied to the facts in that case and we do not regard it as establishing any new principle. Both petitions for rehearing are denied.