No. 26,347.

Louisa Goodyear, as Administratrix, etc., *Appellee,* v. James C. Davis, Director General of Railroads, as Agent, *Appellant.*

SYLLABUS BY THE COURT.

1. Death—*Right of Action—Federal Employers' Liability Act.* In an action under the federal employers' liability act, the proceedings considered and a previous decision in the same case (*Goodyear v. Railway Co.,* 114 Kan. 557, 220 Pac. 282; 115 Kan. 20, 220 Pac. 1049) holding that "the federal employers' liability act creates a right of action in the injured employee for his suffering and loss resulting from the injury, and also creates a distinct and independent right of action in the personal representative of the deceased employee, in the event death results from the injury, for the benefit of certain designated defendants," followed and adhered to.

2. Same — *Instructions.* And further, the record considered, and *held:* (a) The instructions fairly covered the issues; (b) it was not error to refuse certain requested instructions; (c) the instructions given were not improper.

3. Same—*Trial Generally.* Various alleged errors considered and held not to require a reversal.

Appeal from Republic district court; John C. Hogin, judge. Opinion filed July 10, 1926. Affirmed.

*Luther Burns, J. E. Du Mars,* both of Topeka, and *W. D. Vance,* of Belleville, for the appellant.

*N. J. Ward* and *John F. McClure,* both of Belleville, for the appellee.

Death, 17 C. J. pp. 1184 n. 23, 1313 n. 68, 1314 n. 70; 18 R. C. L. 863. Trial, 38 Cyc. p. 1602 n. 58.

The opinion of the court was delivered by

HOPKINS, J.: The action was one by the administratrix to recover damages under the federal employers' liability act for the wrongful death of Lewis Goodyear and for personal injuries sustained by him. The case has been twice tried, and this is the second appeal. The first trial in May, 1922, resulted in a verdict and judgment for the defendant. On appeal the judgment was reversed. (*Goodyear v. Railway Co.*, 114 Kan. 557, 220 Pac. 282; 115 Kan. 20, 220 Pac. 1049.) The facts are fully stated in the former opinion and need not be repeated. In a second trial of practically the same issues in the district court the jury returned a general verdict for plaintiff for $5,000 and answered special questions as follows:

"1. Was the defendant guilty of fraud in making settlement with Lewis Goodyear on March 12 and 16, 1920? A. No.

"3. Was Lewis Goodyear mentally capable of transacting business on March 12 and 16, 1920? A. Yes.

"5. Do you find there was mutual mistake, past or present, on the part of Lewis Goodyear and the defendant as to Goodyear's physical condition prior to and on March 12 and 16, 1920, at the times settlement was agreed upon and completed? A. No.

"7. Was the release given under a mistaken belief, of Lewis Goodyear and a representative of the defendant, that the material results of the injuries received on July 31, 1919, had disappeared? A. No.

"8. Do you allow anything for funeral expenses and burial? A. No."

Both parties appeal.

The defendant contends that the questions involved in this appeal are so interwoven with the former appeal that the court should reconsider the entire question and overrule its former decision; that the trial court erred in refusing to render judgment for it upon the special findings, and notwithstanding the general verdict, in refusing to give certain instructions and in the giving of others; that the instructions of which complaint is made are contrary to section 10 of article 1 of the constitution of the United States in that the same impair the obligation of the contract of settlement entered into between the defendant and Lewis Goodyear. It argues that this court in its former decision misinterpreted the decisions of the federal courts and misapplied the law to the facts. In the original decision it was held that:

"The federal employers' liability act (35 U. S. Stat. ch. 149, as amended by 36 U. S. Stat. ch. 143) creates a right of action in the injured employee for his

suffering and loss resulting from the injury and also creates a distinct and independent right of action in the personal representative of the deceased employee in the event death results from the injury, for the benefit of certain designated dependents.

"A settlement made by the injured employee after the injury and prior to his death, for his suffering and loss, is not a bar to the action by the personal representative for the benefit of dependents for the death, if it resulted from the injury.

"In an action under the federal employers' liability act by the personal representative for damages to the injured employee and for the death, the widow of the employee having been appointed administratrix, the fact that as the wife of the injured employee she was present at the time an agent of defendant made a settlement with him for his injuries would not estop her as personal representative of his estate from seeking to set aside the release because of his mental incapacity to execute it." (114 Kan. 557, syl., 220 Pac. 282.)

The defendant complains chiefly of instruction 8 given by the trial court, which reads:

"You are instructed that the federal employers' liability act, under which plaintiff's action was brought, creates two separate and distinct rights of action resulting from an injury such as complained of by the plaintiff in this case; one right of action to the injured employee for his suffering and loss resulting from the injury, and one to his personal representative for the benefit of his surviving widow and children, in the event death results from the injury. And you are instructed that the latter cause of action could not be released by the deceased Lewis Goodyear by any action taken by him. It accrues solely to his personal representative for the benefit of the persons named and Lewis Goodyear in his lifetime would have no control over same. In other words, it did not accrue until his death and hence he could not release it by any act on his part."

The instruction was in accordance with the views heretofore expressed by this court, and was not improper.

We have given consideration to the able argument of the defendant, but are of opinion our previous decision was correct.

The plaintiff contends that the trial court did not properly submit the question of mutual mistake to the jury; that under the undisputed evidence there was mutual mistake as a matter of law, since the jury found that the deceased died from the injuries, and that the jury would not have so found except for misdirection by the court. The accident occurred July 21, 1919. The settlement was agreed upon March 12, 1920, the money paid, and a release taken four days later. We are of opinion the question of mutual mistake under all the circumstances was one of fact for the jury. The instructions to which plaintiff's objection is made read:

Goodyear v. Davis.

"In order to find that there was a mutual mistake of parties in making the settlement plead by defendant and to justify you in setting aside the release made on March 16, 1920, you must find by clear, decided and satisfactory evidence that said release was executed under a mistake of both Lewis Goodyear and the defendant as to the extent of Goodyear's injuries.

"It is not enough that Goodyear executed the release under a mistaken belief as to the extent of his injuries, but both parties must have been honestly mistaken and the release executed because of such mistake. In other words, unless you find that both parties were acting under a misapprehension of the real condition of Lewis Goodyear or of the gravity of his injuries, then there would be no mutual mistake and the release should not be set aside for that reason. But if you find that both parties were acting under such mutual mistake, then such release should be set aside."

The contention is that the jury was confused by the instructions given, in that the court did not direct attention to the fact that the mistake, if there was one, was between Lewis Goodyear and agent of the defendant (the doctor or claim agent who effected the settlement), but referred only to the defendant (James C. Davis). We do not regard this contention as sound. After a full trial of the case and elaborate instructions, the jury, in our opinion, could not have become confused as to the identity of the defendant and his agents. Complaint is made of the language of the instruction wherein the court told the jury it must find by "clear, decided and satisfactory evidence that the release was executed under a mistake." Considering all the circumstances, together with the general charge to the jury, the court, in our opinion, did not misstate the rule. Other matters argued at length in the briefs need not be discussed.

The judgment is affirmed.