MELLON, DIRECTOR GENERAL, *v.* GOODYEAR, ADMINISTRATOR.

No. 131.   Argued December 8, 1927.—Decided May 28, 1928.

Mr. *Luther Burns,* with whom *Messrs. M. L. Bell, W. F. Dickinson, T. P. Littlepage, J. E. DuMars, W. D. Vance,* and *Sidney F. Andrews* were on the brief, for petitioner.

Under the Federal Employers' Liability Act, settlement and release of all claims for personal injuries made in good faith by an injured employee, who subsequently dies as a result of the injury, constitute a bar to an action by a personal representative for the benefit of dependants for the death. *Michigan Central R. R. Co.* v. *Vreeland,* 227 U. S. 59; *Hecht* v. *O. & M. Ry.,* 132 Ind. 507; *Littlewood* v. *Mayor,* 89 N. Y. 24; *Southern Bell Tel. Co.* v. *Cassin,* 111 Ga. 575; *Edwards* v. *Chemical Co.,* 170 N. C.

551; *Louisville R. R. Co.* v. *Raymond's Admr.*, 135 Ky. 738; *Perry's Admr.* v. *L. & N. R. R. Co.*, 199 Ky. 396; *State* v. *United Rys.*, 121 Md. 457; *Bruns* v. *Welte*, 126 Ill. App. 541; *Strode* v. *Transit Co.*, 197 Mo. 616; *Sewell* v. *Ry. Co.*, 78 Kan. 1; *Hill* v. *Penn. Ry. Co.*, 178 Pa. 223; *Read* v. *Gt. Eastern R. Co.*, L. R. 3 Q. B. 555; *Goodyear* v. *Ry. Co.*, 114 Kan. 557; *Berner* v. *Merc. Co.*, 93 Kan. 769; *Giersch* v. *A. T. & S. F. R. Co.*, 98 Kan. 452; *Fuller* v. *A. T. & S. F. R. Co.*, 124 Kan. 66; *Frese* v. *C. B. & Q. R. Co.*, 263 U. S. 1; *American R. R. Co.* v. *Didrick-sen*, 227 U. S. 145; *Western Union* v. *Preston*, 254 Fed. 229; *St. Louis, etc., R. R. Co.* v. *Craft*, 237 U. S. 648; 17 C. J., 1250.

*Messrs. Edwin C. Brandenburg* and *John F. McClure*, with whom *Mr. Nelson J. Ward* was on the brief, submitted for respondent.

MR. JUSTICE MCREYNOLDS delivered the opinion of the Court.

While employed in interstate commerce by the Director General of Railroads at Belleville, Kansas, July 31, 1919, Lewis Goodyear sustained serious personal injuries for which he claimed the right to recover damages under the Federal Employers' Liability Act (35 Stat. 65, c. 149; 36 Stat. 291). On March 16, 1920, he settled with the employer, accepted the agreed sum, and executed a general release, which, among other things, recites—

" I do hereby compromise said claim and do respectively release and forever discharge said Director General of Railroads, operating Chicago, Rock Island & Pacific Railroad, and his successor or successors as such, the United States of America, The Chicago, Rock Island & Pacific Railway Company, the owner of said Railroad, and all railway companies whose lines are leased to said Railway Company or have been operated by it but are now oper-

ated by said Director General, and their respective agents and employes, from any and all liability for all claims and demands for all damages resulting from the injuries received by me at the time and place above stated, including such injuries as may hereafter develop as well as those now apparent, and also do release and discharge them, and each of them, of all suits, actions, causes of action and claims for damages on account of injuries to my person, as well as damages to my property, if any, which I have or might have arising from, growing out of, or in anywise connected with the accident above referred to, and do hereby acknowledge full satisfaction of all such liability and causes of action. . . . .

" It is further expressly understood and agreed that this release shall be deemed to be and shall be a complete bar to any action which might otherwise be brought, either by law, or under any state or federal workmen's compensation act, employers' liability act, labor law, or any other statute, for the recovery of compensation or damages on account of said injuries (or of resulting death, if this be executed by an administrator or administratrix of the estate of said person), for the benefit of any person whomsoever or estate whatsoever."

May 4, 1920, Goodyear died. April 19, 1921, relying upon the Federal Employers' Liability Act, his widow, as administratrix and in behalf of herself and her children, brought this action for damages against the Director General in the District Court, Republic County, Kansas. She alleged that her husband's death resulted from the injuries suffered July 31, 1919. As a bar to the action the answer set up the settlement and release above referred to; and the administratrix replied that the beneficiaries had a separate cause of action for their pecuniary damage which the decedent could not release.

The cause was twice tried and twice considered by the Supreme Court of Kansas. At the first trial, the jury was

told—" You are instructed that the law favors a compromise and settlement of disputes, and, when parties in good faith enter into an agreement based on good consideration, neither is afterwards permitted to deny it." Judgment for the Director General was reversed by the Supreme Court. It held the quoted instruction erroneous. The opinion shows care and research, and forcefully sets out the argument against the power of an injured employee to destroy the right of dependants to recover in. event of his death.   114 Kan. 557; 115 Kan. 20.

At the second trial the court instructed the jury—

" The Federal Employers' Liability Act, under which plaintiff's action was brought, creates two separate and distinct rights of action resulting from an injury such as complained of by the plaintiff in this case; one right of action to the injured employee for his suffering and loss resulting from the injury, and one to his personal representative for the benefit of his surviving widow and children, in the event death results from the injury.

"And you are instructed that the latter cause of action could not be released by the deceased Lewis Goodyear by any action taken by him.   It accrues solely to his personal representative for the benefit of the persons named and Lewis Goodyear in his lifetime would have no control over same.

" In other words, it did not accrue until his death and hence he could not release it by any act on his part."

Answering special questions, the jury found that no fraud attended the settlement; Goodyear was mentally capable of transacting business at the time; there was no mutual mistake as to his physical condition; the release was not given under the mistaken belief that the material results of his injuries had disappeared; and nothing was allowed for funeral expenses.

- Upon a verdict in her favor for $5,000.00 judgment went for the administratrix, which the Supreme Court af-

firmed, definitely approving the instruction last quoted. 121 Kan. 392. She died July 10, 1926, and Edward Goodyear was duly substituted by order of Supreme Court of Kansas.

The question for our decision is whether the settlement between Goodyear and the employer made advisedly and in good faith barred an action by dependants for their pecuniary damages through his death.

The Liability Act, approved April 22, 1908, 35 Stat. 65, c. 149, provided—

" Sec. 1. That every common carrier by railroad while engaging in commerce between any of the several States or Territories, or between any of the States and Territories, or between the District of Columbia and any of the States or Territories, or between the District of Columbia or any of the States or Territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment."

The amending Act, of April 5, 1910, 36 Stat. 291, c. 143, added the following—

" Sec. 9. That any right of action given by this Act to a person suffering injury shall survive to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee, and, if none, then of such employee's parents; and, if none, then

of the next of kin dependent upon such employee, but in such cases there shall be only one recovery for the same injury."

In *Michigan Central Railroad Company* v. *Vreeland*, 227 U. S. 59, 65, 67, 68, 69, 70—an action by the administrator to recover for loss suffered by the wife by reason of her husband's wrongful death—this Court considered the original statute (1908) and held that the employee's right of action to recover such damages as would compensate for expenses, loss of time, suffering, and diminished earning power did not survive his death. Also that the mere existence of such a right in the employee's lifetime did not destroy the dependant's right under the statute to recover for pecuniary damages consequent upon the death. By Mr. Justice Lurton, the Court said—

" We think the act declares two distinct and independent liabilities, resting, of course, upon the common foundation of a wrongful injury, but based upon altogether different principles. . . .

" The Act of 1908 does not provide for any survival of the right action created in behalf of an injured employé. That right of action was therefore extinguished. . . .

" The obvious purpose of Congress was to save a right of action to certain relatives dependent upon an employé wrongfully injured, for the loss and damage resulting to them financially by reason of the wrongful death. . . .

" This cause of action is independent of any cause of action which the decedent had, and includes no damages which he might have recovered for his injury if he had survived. It is one beyond that which the decedent had,—one proceeding upon altogether different principles. It is a liability for the loss and damage . . . resulting to them and for that only.

" The statute in giving an action for the benefit of certain members of the family of the decedent is essentially identical with the first act which ever provided for a cause

of action arising out of the death of a human being, that of 9 and 10 Victoria, known as Lord Campbell's Act. . . .

" But as the foundation of the right of action is the original wrongful injury to the decedent, it has been generally held that the new action is a right dependent upon the existence of a right in the decedent immediately before his death to have maintained an action for his wrongful injury. Tiffany, Death by Wrongful Act, § 124; *Louisville, E. & St. L. R. R. Co.* v. *Clark,* 152 U. S. 236; *Read* v. *G. E. Ry.,* L. R. 3 Q. B. 555; *Hecht* v. *O. & M. Ry.,* 132 Ind. 507; *Fowlkes* v. *Nashville & Decatur R. R. Co.,* 9 Heisk. 829; *Littlewood* v. *Mayor,* 89 N. Y. 24; *Southern Bell Tel. Co.* v. *Cassin,* 111 Ga. 575.

" The distinguishing features of that act [Lord Campbell's Act] are identical with the act of Congress of 1908 before its amendment; First, it is grounded upon the original wrongful injury of the person; second, it is for the exclusive benefit of certain specified relatives; third, the damages are such as flow from the deprivation of the pecuniary benefits which the beneficiaries might have reasonably received if the deceased had not died from his injuries.

" The word 'pecuniary' did not appear in Lord Campbell's Act, nor does it appear in our act of 1908. But the former act and all those which follow it have been continuously interpreted as providing only for compensation for pecuniary loss or damage."

*St. Louis & Iron Mountain Ry. Co.* v. *Craft,* 237 U. S. 648, 657, 658—

An administrator sought to recover for the father's benefit under the Federal Employers' Liability Act as amended in 1910. Damages were claimed on account of (a) pecuniary loss to the father, and (b) conscious pain and suffering by the decedent. The Railway Company insisted that the recovery should be restricted either to the pecuniary loss to the father, or to the damages sus-

tained by the injured person while alive; that the statute does not permit recovery for both. This Court held otherwise, and said—

" If the matter turned upon the original act alone it is plain that the recovery here could not include damages for the decedent's pain and suffering, for only through a provision for a survival of his right could such damages be recovered after his death. But the original act is not alone to be considered. On April 5, 1910, prior to the decedent's injuries the act was amended. . . . No change was made in § 1. . . . It continues, as before, to provide for two distinct rights of action; one in the injured person for his personal loss and suffering where the injuries are not immediately fatal, and the other in his personal representative for the pecuniary loss sustained by designated relatives where the injuries immediately or ultimately result in death. Without abrogating or curtailing either right, the new section provides in exact words that the right given to the injured person 'shall survive' to his personal representative 'for the benefit of' the same relatives in whose behalf the other right is given. Brought into the act by way of amendment, this provision expresses the deliberate will of Congress. . . . Although originating in the same wrongful act or neglect, the two claims are quite distinct, no part of either being embraced in the other. One is for the wrong to the injured person and is confined to his personal loss and suffering before he died, while the other is for the wrong to the beneficiaries and is confined to their pecuniary loss through his death. One begins where the other ends, and a recovery upon both in the same action is not a double recovery for a single wrong but a single recovery for a double wrong. . . ."

In *Frese, Admx.,* v. *Chicago, Burlington & Quincy R. R. Co.,* 263 U. S. 1, 4, an action under the Liability Act for

damages consequent upon death of the plaintiff's intestate, it was said: "If the engineer could not have recovered for an injury his administratrix can not recover for his death. *Michigan Central R. R. Co.* v. *Vreeland,* 227 U. S. 59, 70." The injuries were due primarily to the default of the engineer and the employer never became liable to him. :

In *Reading Company* v. *Koons, Admr.,* 271 U. S. 58, 64, the administrator sought recovery by suit commenced seven years after the employee's death, but within two years after the granting of administration. This Court declared the action was barred.

In *Oliver* v. *Seaboard Air Line Ry.* (1919), 261 Fed. 1, 2, 3, 4, the employee received injuries March 31, 1912, and died August 11, 1915. The administrator sued and the Railway Company resisted on the ground that, during his lifetime, the decedent had recovered a judgment for the damages sustained which had been satisfied. The trial court overruled the defense and allowed recovery. The Circuit Court of Appeals reversed the judgment and said—

"The defendant in error's lack of right to maintain his suit in such a situation as the one under consideration is due, not to the decedent's lack, immediately prior to his death, of an enforceable right of action for the injury he sustained, but to the fact that the cause of action counted on has been extinguished by payment of the judgment recovered by the decedent for the wrong he suffered."

Obviously, the settlement and release of March 16, 1920, satisfied and discharged any claim against the Director General for the personal loss and suffering of Goodyear. Immediately before his death he had no right of action and nothing passed to the administratrix because of such loss and suffering. Hence, it is that the administratrix must recover, if at all, under § 1, Act of 1908, which imposes liability for pecuniary loss sustained by dependants through death.

Concerning that section, *Vreeland's* case, *supra*, declares: " But as the foundation of the right of action is the original wrongful injury to the decedent, it has been generally held that the new action is a right dependent upon existence of a right in the decedent immediately before his death to have maintained an action for his wrongful injury." And no later opinion here has given expression to any other view.

By the overwhelming weight of judicial authority, where a statute of the nature of Lord Campbell's Act in effect gives a right to recover damages for the benefit of dependants, the remedy depends upon the existence in the decedent at the time of his death of a right of action to recover for such injury. A settlement by the wrongdoer with the injured person, in the absence of fraud or mistake, precludes any remedy by the personal representative based upon the same wrongful act. Construing the statute of Kansas, the Supreme Court of that State seems to have accepted this generally approved doctrine. *Fuller, Admx.* v. *Atchison, T. & S. F. R. Co;,* 124 Kan. 66.

The cases supporting this view, from courts of last resort in twenty-one States, Canada and England, are collected in a note following the first opinion of the Supreme Court of Kansas in the present cause, reported in 39 A. L. R., 579. And in *Tiffany on Wrongful Death*, 2d ed., § 124, the rule (with supporting authorities) is thus broadly stated—

" If the deceased, in his lifetime, has done anything that would operate as a bar to a recovery by him of damages for the personal injury, this will operate equally as a bar in an action by his personal representatives for his death. Thus, a release by the party injured of his right of action, or a recovery of damages by him for the injury, is a complete defense in the statutory action. But, while the courts have agreed in their decisions, they have had difficulty in reconciling them with the express declaration of

the statute that the action may be maintained whenever the act, neglect, or default is such that the party injured, if death had not ensued, might have maintained an action. . . .

" It is hardly possible to place the general holding upon any very logical ground. The position taken by the courts is fairly enough summed up as follows: ' Whether the right of action is a transmitted right or an original right, whether it be created by a survival statute or by a statute creating an independent right, the general consensus of opinion seems to be that the gist and foundation of the right in all cases is the wrongful act, and that for such wrongful act but one recovery should be had, and that if the deceased had received satisfaction in his lifetime, either by settlement and adjustment or by adjudication in the courts, no further right of action existed.' " *Strode* v. *Transit Co.*, 197 Mo. 616.

See also—*Edwards* v. *Chemical Co.*, 170 N. C. 551; *Louisville R. Co.* v. *Raymond's Admr.*, 135 Ky. 738; *Perry's Admr.* v. *L. & N. R. Co.*, 199 Ky. 396; *State* v. *United Rys.*, 121 Md. 457; *Hill* v. *Penn. Ry. Co.*, 178 Pa. 223.

Considering the repeated holdings of many courts of last resort, the declarations by this Court, and the probable ill consequences to both employees and employers which would follow the adoption of the contrary view, we must conclude that the settlement and release relieved the Director General from all liability for damages consequent upon the injuries received by Goodyear and his death.

The Statute of 1908 is entitled "An Act Relating to the liability of common carriers by railroad to their employees in certain cases." Fifteen years ago this Court affirmed that insofar as it gives an action for the benefit of dependants, the statute is essentially identical with Lord Campbell's Act. Continued adherence to this view

346

is emphasized by repeated holdings that dependants can recover only pecuniary damages. *American Railroad Co. of Porto Ricc v. Didricksen,* 227 U. S. 145, 149; *Gulf, Colorado & Santa Fe Ry. Co.* v. *McGinnis,* 228 U. S. 173; *C. & O. Ry. Co.* v. *Kelly, Admx.,* 241 U. S. 485; *C. & O. Ry. Co.* v. *Gainey, Admr.,* 241 U. S. 494; *Gulf, Colorado & Santa Fe Ry. Co.* v. *Moser,* 275 U. S. 133. Neither statute defines the nature of the damages to be recovered; this was left for interpretation. We followed the construction given the earlier one when it became necessary to interpret and apply the·later and similar act.

The judgment of the court below must be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed.*