Katie Marie GILMORE et al.

v.

**SOUTHERN RAILWAY COMPANY et al.**

Civ. A. No. 11478.

United States District Court
E. D. Louisiana,
New Orleans Division.

May 18, 1964.

Maurice E. Landrieu, New Orleans, La., for plaintiffs.

W. Ford Reese, New Orleans, La., for American Ins. Co. and Royal Indemnity.

Thomas J. Wyllie, Robert B. Acomb, Jr., New Orleans, La., for Southern Railway Co. and New Orleans Terminal Co.

FRANK B. ELLIS, District Judge.

The plaintiffs in this litigation are Mrs. Katie Marie Gilmore, Luther Henry Gilmore, Mrs. Sara Lean Duncan, Katie Mae Gilmore, Dorris Louise Gilmore and Dessye Lois Gilmore, the widow and children of Henry Gilmore, deceased. All plaintiffs are residents of the State of Mississippi, with the exception of plaintiff Luther Henry Gilmore, a resident of the State of Louisiana.

The defendants are the Southern Railway Company and/or New Orleans Terminal Company, alleged employers of the deceased. A third defendant is the American Insurance Company, liability insurer of R. P. Farnsworth & Company, Inc. Suit is brought against American Insurance Company under the provisions of the Louisiana Direct Action Statute, LSA–R.S. 22:655.

The plaintiffs assert that on or about August 11, 1959, the decedent was employed by the Southern Railway System, and/or New Orleans Terminal Company on an interstate line. At that time, Farnsworth Company, Inc., was a contractor or sub-contractor for decedent's alleged employers, and was engaged in the removing or handling of cross ties by the use of a crane.

It is asserted that on that date the decedent was injured as a direct consequence of the negligence of the employees of Farnsworth Company, Inc., and the negligence of his employer, the Southern Railway Systems and/or New Orleans Terminal Company in failing to furnish a safe place to work.

After the alleged injury the decedent apparently returned to his home in Hattiesburg, Mississippi, where he retained the service of an attorney named Earle Wingo to represent him in his claim for injuries sustained. Settlement negotiations were successfully concluded on August 10, 1960, at which time the decedent personally appeared at his attorney's office and after a full explanation to decedent of all of his rights, in the presence of his attorney, the decedent executed a settlement and release of all claims against all parties.

From the affidavits in the record it is apparent that the claim was settled for the sum of Seven Hundred Fifty Dollars, one half of which was paid by the employer, New Orleans Terminal Company, and one half paid by the insurer of the Farnsworth Construction Company.

On August 31, 1960, some twenty-one days later, the decedent died, allegedly as a direct consequence of the injuries he sustained on August 11, 1959. On August 31, 1961, the plaintiffs brought this action against the alleged employers under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq. and against the insurer of the R. P. Farnsworth Company, Inc., under Article 2315 of the LSA–Civil Code.

The matter is presently before the Court on motions of all defendants to dismiss and alternatively for summary judgment. After oral argument plaintiffs voiced no objection to the dismissal of the Southern Railway Company, it appearing that the decedent was not an employee of that company and that Southern was not involved in any of the work being performed at the time of the original injury.

Upon oral argument, and in its brief, New Orleans Terminal Company urges that there is no right of action on the part of the heirs or widow of the decedent since any claim that he had or may have had was clearly extinguished as a result of the settlement and release agreement. Defendant Terminal Company directs the Court's attention to Mellon v. Goodyear, 277 U.S. 335, 48 S.Ct. 541, 72 L.Ed. 906, as dispositive of the issues between it, the Terminal Company, and the plaintiffs. The Court agrees that Mellon and related cases do hold forth for defendant's position.

In the Mellon case, an employee of the railroad sustained personal injuries on July 31, 1919, and, subsequently, on March 16, 1920, he settled with his employer accepting the agreed sum and executing a general release. On May 4, 1920, he died. On April 19, 1921, his widow filed suit in the District Court, Republic County, Kansas, against the employer in an effort to recover damages for his death as a result of the injuries sustained during his period of employment.

In answering special interrogatories the jury found that no fraud attended the settlement of March 16, 1920; that the decedent was mentally capable of transacting business at the time; that there was no mutual mistake as to his

physical condition; and, that the release was not given under the mistaken belief that the material results of his injuries had disappeared. The jury rendered a verdict in favor of the administratrix in the amount of $5,000. The Supreme Court of Kansas affirmed, Goodyear v. Davis, 121 Kan. 392, 247 P. 446, and the United States Supreme Court granted certiorari, 273 U.S. 684, 47 S.Ct. 240, 71 L.Ed. 839.

Before the United States Supreme Court the petitioner, Mellon, Director General of Railroads, argued that under the Federal Employers' Liability Act, a settlement and release of all claims for personal injuries made in good faith by an injured employee, who subsequently died as a result of the injury, constituted a bar to an action by a personal representative for the benefit of dependants for the death.

In reversing the Supreme Court of Kansas the United States Supreme Court, holding for petitioner Mellon, stated:

"Considering the repeated holdings of many courts of last resort, the declarations by this court, and the probable ill consequences to both employees and employers which would follow the adoption of the contrary view, we must conclude that the settlement and release relieved the Director General from all liability for damages consequent upon the injuries received by Goodyear and his death." 277 U.S. 335 at page 345, 48 S.Ct. 541, at page 544.

Plaintiffs cite Baltimore & O. S. W. R. Co. v. Carroll, 280 U.S. 491, 50 S.Ct. 182, 74 L.Ed. 566, as authority for the rule that an injury resulting in death gives rise to two distinct causes of action, one for loss and suffering of the injured person while he lived, and another for the pecuniary loss to the beneficiaries as a result of the death. Plaintiffs admit that the Carroll case did not involve a previous settlement by the decedent and it is this distinction which renders the case inapplicable to the facts at bar. Carroll stands for the age-old rule of law that

under the F.E.L.A. the beneficiaries named in the act have a cause of action for the pecuniary loss as a result of the employee's death, absent of course a previous settlement by the decedent, Mellon v. Goodyear, supra, Michigan Central R. R. Co. v. Vreeland, 227 U.S. 59, 33 S.Ct. 192, 57 L.Ed. 417.

■ Consequently, acting upon the authority of the jurisprudence in point the Court has no alternative but to grant the motion of defendant, New Orleans Terminal Company, to dismiss.

This brings us to the second-named defendant, American Insurance Company, insurer of the R. P. Farnsworth Company, Inc., against whom the plaintiffs proceed under Article 2315 of the LSA–Civil Code.

The record indicates that of the entire settlement, American Insurance was to foot half of the bill and defendant New Orleans Terminal Company the other half. The Terminal Company took a printed release. Whether American Insurance Company took a similar release is not apparent from the record. The only evidence in the record of a release is a check from the American Insurance Company to the decedent and his attorney in the amount of three hundred seventy-five dollars. The reverse side of the check bears the notation "This Check Constitutes Settlement in Full of The Claim Described on The Face Hereof and The Payee (s) By Endorsement Below Accept(s) It as Such."

■ Defendant American Insurance Company alleges that there has been an accord and satisfaction and the right of action no longer exists against it as the insurer of R. P. Farnsworth & Company, Inc.; with this, this Court is constrained to disagree.

The accident occurred in Louisiana and apparently the substantive law of that state will be applied.

Thus stated the issues resolve themselves into questions of law, that is, will a prior release for injuries sustained bar a subsequent action by the heirs for wrongful death?

The case of Johnson v. Sundbery, La. App., 150 So. 299, cited by plaintiff is squarely in point and decisive of the issues. In that case the decedent, Sarah Johnson, was injured in an auto accident on November 1, 1930. On January 24, 1931, she executed a document which "released and discharged and, by these presents, do for myself, my heirs, executors, administrators and assigns release and forever discharge the said Oscar C. Sundbery etc."

Mrs. Johnson died and subsequent to her death the husband instituted an action, individually and as natural tutor of the minor children. Defendant, without admitting liability plead the settlement and release. The lower court dismissed the suit and the plaintiff appealed.

On appeal the court offered the following discourse on the question of a decedent's release for personal injuries followed by death and a subsequent action by the survivors for wrongful death:

" * * * the plaintiff, as surviving husband, and his minor children have a right of action against the party by whose fault and negligence the wife and mother has been injured in such a way as to cause her death and only in the event of her death as a result of the injury. This right of action could not be released by the wife and mother, because it never belonged to her but accrues to the husband and minor children solely as a result of the law and her death, brought about in the way stated. In Dougherty v. N. O. Ry. & Light Co., 133 La. 993, 63 So. 493, the Supreme Court passed on this question favorably to the rights of the husband and children and adversely to the contentions of the defendant." Johnson v. Sundbery, supra, 150 So. at page 301.

Therefore, the motion of defendant, American Insurance Company, to dismiss and in the alternative for summary judgment, will be denied.

So ordered.