Zane Milton **WALROD**, Jr., et al.,
Plaintiffs-Appellants,

v.

**SOUTHERN PACIFIC COMPANY**, a
Corporation, Defendant-Appellee.

No. 24279.

United States Court of Appeals,
Ninth Circuit.

Aug. 4, 1971.

John H. Seidel (argued), McKesson, Renaud, Cook, Miller & Cordova, Phoenix, Ariz., for plaintiffs-appellants.

Robert Mills (argued), Evans, Kitchell & Jenckes, Phoenix, Ariz., for defendant-appellee.

Before BARNES and WRIGHT, Circuit Judges, and BYRNE,* District Judge.

WILLIAM M. BYRNE, District Judge:

On February 13, 1953, Zane Walrod was injured while employed by the Southern Pacific Company (the Company). Pursuant to the Federal Employers' Liability Act (FELA), Walrod brought suit against the Company for damages. Walrod's amended complaint

---

* Honorable William M. Byrne, United States District Judge, Central District of California, sitting by designation.

filed on March 19, 1962, alleged that as a result of the Company's negligence the injury he incurred had manifested itself as multiple sclerosis. In November, 1962, Walrod was awarded a judgment of $50,000.00 as compensation for the "total and permanent disability" which he allegedly suffered in the 1953 accident. This judgment was subsequently satisfied by the Company.

Walrod died on June 28, 1965. Pursuant to Section 1 of FELA (45 U.S.C. § 51), Walrod's three minor children, by and through their guardian, brought a wrongful death action against the Company on June 14, 1968. The thrust of this action is that Walrod's death was directly attributable to multiple sclerosis, a malady incurred in the 1953 accident. A motion for a partial summary judgment filed on behalf of Walrod's children was denied, and the district court granted the Company's motions for summary judgment and judgment on the pleadings.

Appellants have set forth three contentions which assertedly support their position that the district judge erred in granting the Company's motion for summary judgment and judgment on the pleadings. Firstly, appellants argue that the wrongful death action is not barred· by their father's judgment for injuries resulting from the 1953 accident. In appellants' view, the very nature of the wrongful death action precludes a compensatory action, which has been resolved by way of "compromise or by lawsuit," from preempting all possible recoveries from the wrongdoer, i. e., the railroad company, and argue:

"[I]t is totally inconceivable how an injured person or employee could compromise the right of other persons, namely, the beneficiaries, as to their right to recover for their damages, especially in light of the fact that the beneficiaries' cause of action for their damages cannot by definition arise until the death of the injured person."

The courts have resolved this dilemma free of the self-interest which has distorted appellants' view of the problem. In Mellon v. Goodyear, 277 U.S. 335, 48 S.Ct. 541, 72 L.Ed. 906 (1928), an employee who had sustained serious injuries arising from an on-the-job accident agreed to an out of court settlement with his railroad employer. After his death, the employee's widow brought a wrongful death action against the railroad on behalf of herself and her children. At the second trial, the jury was instructed, in effect, that the settlement agreed to by the employee and the railroad in no way affected the wrongful death action. In reversing the trial court and remanding the case "for further proceedings," the court articulated a position which had already met with widespread approval (see 39 A.L.R. 579):

"By the overwhelming weight. of judicial authority, where a statute of the nature of Lord Campbell's Act in effect gives a right to recover damages for the benefit of dependents, the remedy depends upon the existence in the decedent at the time of his death of a right of action to recover for such injury. A settlement by the wrongdoer with the injured person, in the absence of fraud or mistake, precludes *any remedy* by the personal representative based upon the same wrongful act." (Emphasis added). 277 U.S. at 344, 48 S.Ct. at 544. Accord, Gilmore v. Southern Railway Co., 229 F.Supp. 198, 200 (E.D.La. 1964).

Appellants' attempt to distinguish *Mellon* from the instant case on the fact that in the former the deceased employee agreed to a settlement while in the latter the employee received a money judgment is unconvincing as well as inconsistent. Appellants admit that "it is true that there are cases and authorities seeming to say that where the decedent recovers for his injuries during his lifetime, either by *compromise or by lawsuit,* such action on his part has the effect of eliminating any claim after death * * *". See, Michigan C.R. Co. v. Vreeland, 227 U.S. 59, 33 S.Ct. 192, 57

L.Ed. 417 (1913), where the court stated that an action for death under Federal Employers' Liability Act depends upon the existence of a cause of action for wrongful injury by the decedent immediately prior to his death. In the instant case, the decedent's judgment against the company effectively prevented appellants from satisfying the statutory prerequisite explained in *Vreeland* and *Mellon*.

Recognizing the absence of the mandatory "condition precedent" and taking cognizance of the relevant authorities, the lower court had no alternative but to grant the company's motion.

As noted above, Walrod died on June 28, 1965. The instant wrongful death action was filed on June 14, 1968. Accordingly, appellants contend in their second argument that the said action is not barred by the statute's three year period of limitation. In support of their contention, appellants primarily rely on Baltimore & Ohio Southwestern Railroad Co. v. Carroll, 280 U.S. 491, 50 S. Ct. 182, 74 L.Ed. 566 (1930) where the court stated that "The cause of action which arises from death accrues at the time of death * * *". Reading Co. v. Koons, 271 U.S. 58, 46 S.Ct. 405, 70 L.Ed. 835 (1926). It is appellants' view that the rule enunciated in *Carroll* and *Koons* disposes of the statute of limitations question because their action was filed within three years of their father's death.

The position taken by the court in *Carroll* and *Koons* is only a partial resolution of the problem concerning a FELA related wrongful death action and the statutory period of limitation. In Flynn v. New York, N.H. & H.R. Co., 283 U.S. 53, 51 S.Ct. 357, 75 L.Ed. 837 (1931), a case decided after the rule of *Carroll* and *Koons* had been announced, the railroad employee was injured in 1923 and died in 1928 without having instituted a suit against the company. In 1929 his executor filed a wrongful death action. A unanimous court, speaking through Mr. Justice Holmes, held the executor was without a right to commence the action:

"Obviously Flynn's right of action was barred, but it is argued that the right on behalf of the widow and children is distinct; *that their cause of action could not arise until Flynn's death,* and that therefore the two years did not begin to run until September 1, 1928. But the argument comes too late. It is established that the present right, although not strictly representative, is derivative and *dependent upon the continuance of a right in the injured employee at the time of his death.* (citing *Vreeland*). On this ground an effective *release by the employee makes it impossible for his* administrator to recover. (citing *Mellon*). The running of the two years from the time when his cause of action accrued *extinguishes it as effectively as a release,* Engel v. Davenport, 271 U.S. 33, 38, 46 S.Ct. 410, 70 L.Ed. 813, and the same consequence follows * * *" (Emphasis added.) 283 U.S. at 56, 51 S.Ct. at 358.

Here, the decedent's judgment "extinguishe(d) [his cause of action] effectively as a release." As a consequence, the absence of "a right in the injured employee * * * makes it impossible for his administrator to recover." In sum, here, as in *Flynn*, appellants' representative is without a "derivative and dependent" right upon which to base his wrongful death action. This being so, appellants' compliance with the rule governing the timely filing of a wrongful death action *is irrelevant.*

Because the relevant Supreme Court decisions dictated rejection of appellants' initial claims of error, their final argument need warrant only momentary attention. According to appellants, the lower court acted improperly when it denied their motion for partial summary judgment. The authorities which they cite are inapplicable because this argument, to retain any degree of credibility, must be premised on the validity of the preceding arguments.

Affirmed.