Carl A. HAWS et al., Appellants,

v.

Louella Jean LUETHJE, Executrix of the Estate of Russell James Luethje, Deceased, Appellees.

No. 45516.

Supreme Court of Oklahoma.

Nov. 21, 1972.

Alex Cheek, John Cheek, William C. McAlister, Oklahoma City, for appellants.

Lloyd G. Larkin, Robert L. Shepherd, Tulsa, for appellees.

HODGES, Justice.

The question of law involved in this controversy is whether a dismissal with prejudice signed by injured party in conjunction with a full release executed by him and his wife preclude the maintenance of a wrongful death action by his personal representative after his demise due to injuries sustained in the accident.

On February 14, 1969, Russell James Luethje, was injured in an automobile accident. An action was filed by him against defendants in the District Court of Tulsa County, Oklahoma, January 19, 1970.

On April 2, 1970, Russell James Luethje and Louella Jean Luethje, his wife, executed the following Release in Full:

"KNOW ALL MEN BY THESE PRESENTS, That We, Russell James Luethje and Louella Jean Luethje, for the sole consideration of One Hundred Two Thousand & no/100 ($102,200.00) Dollars, to me in hand paid by Carl A. Haws, Gifford-Hill & Co., Wales Trucking Co., Wales Transportation, Inc. and Aetna Casualty and Surety Company have released and discharged, and by these present do for ourselves, our heirs, executors administrators and assigns, release and forever discharged the said Carl A. Haws; Gifford-Hill & Co.; Wales Trucking Co., Wales Transportation Inc. and Aetna Casualty and Surety Co. and all other person, firms or corporations from all claims demands, damages, actions, or causes of action, on account of damage to property, bodily injuries or death, resulting or to result, from an accident to Russell James Luethje which occurred on or about the 14 day of February, 1969, by reason of auto-truck accident with resulting injuries property damage, medical expense, loss of income, loss of services, disability, pain and suffering, and disfigurement, and of and for all claims or demands whatsoever in law or in equity, which we, our heirs, executors, administrators, or assigns can, shall or may have by reason of any matter, cause or thing whatsoever prior to the date hereof.

"IT IS UNDERSTOOD AND AGREED THAT this is a full and final release of all claims of every nature and kind whatsoever, and releases claims that are known, suspected and unsuspected.

"IN WITNESS THEREOF, We have hereunto set our hands and seals this 2 day of April, 1970."

IN THE PRESENCE OF

Lloyd G. Larkin, Russell James Luethje,
their attorney,
John (name illegible) Louella Jean Luethje

A dismissal with prejudice signed by decedent was filed on the same day which contained the following language: "All of the issues between plaintiff and defendants have been settled and compromised, and plaintiff has no remaining cause of action against defendants or any of them." Drafts were issued by defendants made payable to Russell James Luethje, his wife, and his attorneys, which were deposited April 3, 1970. Russell James Luethje died on May 2, 1970 as the result of the injuries sustained in automobile accident of February 14, 1969.

An action for damages for and on behalf of the minor children and survivors of decedent to recover the pecuniary loss suffered by them was brought in Creek County by Louella Jean Luethje as executrix of his estate on October 16, 1970.

The trial court overruled defendants' motions for summary judgment, dismissal, and special appearance demurrer. Defendants' motion to permit an immediate appeal to the Supreme Court was sustained. The trial court certified its order and certiorari was granted.

At common law, an action for personal injuries abated with the death of the injured person, and no action for wrongful death existed. The right of action commonly known as wrongful death accrues to the personal representative of decedent solely by virtue of the statute. Hale v. Hale, 426 P.2d 681, 684 (Okl.1967).

The Oklahoma wrongful death statute 12 O.S.1971, § 1053 provides:

"When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, or his personal representative if he is also deceased, *if the former might have maintained an action had he lived* against the latter, or his representative, for an injury for the same act or omission. The action must be commenced within two years. The damages must inure to the exclusive benefit of

the surviving spouse and children, if any, or next of kin; to be distributed in the same manner as personal property of the deceased." (Emphasis ours.)

 The common law right of action for personal injury survives the death of the injured person by virtue of 12 O.S. 1971, § 1051. An action under the survival statute is for personal injury to the decedent and is in behalf of his estate. An action under the wrongful death statute is for the pecuniary loss suffered by the surviving spouse and children, if any, or next of kin, and is for their exclusive benefit. Hale v. Hale, p. 683 supra.

In the present case, decedent surrendered whatever common law remedy he had which might have survived against the defendants by his acceptance of the settlement and execution of the full release. These actions by decedent resulted in the relinquishment of his common law right and barred the maintenance of any further action by him. As the result, the cause of action did not subsist as required by the survival statute.

The wife and children do not have a separate and distinct cause of action for personal injuries sustained by the husband and father occasioned by the negligence of a third party, while he is still living. This question was considered by the Georgia court in Southern Bell Telephone & Telegraph Co. v. Cassin, 111 Ga. 575, 36 S.E. 881, 888 (1900) where it stated:

"* * * One who claims as a wife is bound by the husband's conduct. * * * The wife's right therein must be taken burdened by what he has done in his lifetime. While he lives, his wife and his person belong to himself, and he must use that life and body for the support of his family. He must be left free, when injured, to settle for the wrongs which were to him, and to him alone; he must be at liberty to adjust that wrong without the amount of his settlement being diminished by the possibility or probability that the person dealing with him will have to pay a second time for the same act. The family stand to him in the relation of heirs, and, like all heirs, have no rights which can interfere with those of the living. They take what he leaves. They take under him and subject to him, and not adversely to him. Under this statute the cause of action primarily grows out of the relation between the husband and the wrongdoer, and his rights against the wrongdoer. The full value of action is in him. Only secondarily is it in the wife, and it comes to her, if it comes at all, burdened and incumbered by his conduct, his settlement, and whatever else he did in his lifetime in reference thereto. It is true, she may recover the full value of his life, but that value depends on what he was and what he did in his lifetime; and if, before his death, he has settled with defendant, he has by his own act transmuted the value of a cause of action into dollars and cents, and deprived his family of any further value growing out of the negligence complained of."

This case was cited for authority by the U. S. Supreme Court in deciding Mellon v. Goodyear, 277 U.S. 335, 48 S.Ct. 541, 72 L.Ed. 906 (1928).

Appellee contends that the wrongful death statute gives rise to a new cause of action in favor of the personal representative which originates after the death of the injured party. Her position is that settlement received during decedent's lifetime should not be allowed to prejudice her rights as personal representative.

 This court recognized the right of action which is given to a personal representative by the wrongful death statute as a new cause of action which does not arise until after death. This right, however, is predicated upon the right of action which was personal to decedent had he lived. Hill v. Graham, 424 P.2d 35, 37, 38 (Okl. 1967).

 In suits such as these, the cause of action is the wrongful act, neglect, or default causing death, and not merely the death itself. One condition upon which

statutory liability depends is that the deceased had a right of recovery for the injury at the time of his death. There is no right in the personal representative to maintain an action unless the decedent had the right to sue at the time of his death. There being but one cause of action, there can be but one recovery. If decedent releases the cause of action, the statute does not confer upon his personal representative the right to sue. Mooney v. City of Chicago, 239 Ill. 414, 88 N.E. 194, 196 (1909).

Appellee relies on the cases of Hugh Breeding, Inc. v. Daniel, 373 P.2d 75 (Okl.1962) and Stokes v. Collum Commerce Co., 120 Okl. 133, 252 P. 390 (1926). The releases in these cases, as reflected by the records, contained a release and settlement for all claims, demands, actions or causes of actions, and damages to person and property resulting or to result from the accidents. To the extent the court held that such release or settlement executed by the injured husband before his death did not bar an action for pecuniary loss under the wrongful death statute when brought by the personal representative of the decedent for the exclusive benefit of the surviving wife and children, if any, or next of kin, they are hereby overruled.

We held in F. W. Woolworth Co. v. Todd, 204 Okl. 532, 231 P.2d 681, 682 (1951) that:

"A release in writing based upon a valuable consideration which remised, released and forever discharged the alleged tortfeasor of and from any and all claims, demands, rights or causes of action of whatsoever kind or nature arising from or by reason of any and all known or unknown, foreseen or unforeseen, bodily or personal injuries resulting to or result from a certain accident of a given date, for which the releasor had claimed the alleged tortfeasor was legally liable, was broad enough to include a release of any cause of action which releasor might have had for the death of his wife to result from said accident, though the death of his wife had not occurred at the time said release was executed."

Full satisfaction obtained by decedent during his lifetime by virtue of settlement and execution of the full release merged his claim into the recovery. His right to maintain an action against defendants was thereby extinguished.

■ Appellee also contends that decedent and his wife were powerless at law to release or compromise the wrongful death action now brought for the benefit of the minor children as beneficiaries. The contention is that this action is new, separate, and independent, and that it was not in being at the time of the execution of the release and settlement. The shortcoming of this argument is that the right of action, if any, which inures to the benefit of the children, depends for its existence upon its viability in the decedent at the time of his death. Under the facts of this case, decedent could not have maintained the action had he lived as required by 12 O.S. 1971, § 1053.

Justice Holmes speaking for a unanimous court in Flynn v. New York, N.H & N.R. Co., 283 U.S. 53, 57, 51 S.Ct. 357, 358, 75 L.Ed. 837, 839 (1931), recognized that a wrongful death action is derivative and dependent upon the continuance of a right in the injured person at the time of his death, and that an effective release executed by the injured party makes it impossible for his personal representative to recover.

In the present case, the execution of the release by the wife is purely academic, as she had no cause of action at the time the release was signed. Her right is wholly derivative. It was not necessary for her to join in the release. Neither was it necessary that a dismissal with prejudice be filed. These actions constituted "frosting on the cake", but were not required to preclude the bringing of a wrongful death action after her husband had executed a full release.

If appellee is correct that she may recover against the defendants under the wrongful death statute, it quickly becomes evident that a major portion of the damages could be assessed against defendant twice, i. e. decedent's loss of earnings. This would duplicate the recovery already obtained by decedent.

A procedure which permits double recovery based upon a single wrongful act is violative of the axiom that the law gives no more than full remuneration for damages sustained and contradicts the public policy of this state.

Such a policy would discourage settlement of valid claims, encourage litigation, and deprive the family and the injured party of compensation causing untold economic crisis and hardship. It should not be necessary for a wrongdoer to wait to be sued before he can compromise a claim and compensate the injured for his wrong. A tort feasor should be able to pay the injured party totally and completely at one time, and safely settle the claim without living in fear of future litigation. A potential defendant should not be forced to gamble with the odds that the injured party will not die as the result of the injuries he sustained by defendant's wrongful act after he has settled. The death of the injured party should not be required before he is compensated for his injury. Nor should it be necessary that the injured party be forced to file a cause of action and either prosecute it to judgment or dismiss it with prejudice before he can be fully compensated.

The survivors may not accomplish what the decedent could not. This court held in Sykes v. Wright, 201 Okl. 346, 205 P.2d 1156 (1949) that:

" * * * plaintiff may not split the cause of action with the expectation of having separate recoveries and separate satisfaction for the single wrong."

The majority rule is that where the statute provides a method to recover damages for the death of a person which is caused by the wrongful act of another, the remedy is dependent upon the existence in the decedent at the time of death of a right of action to recover damages for such injury. The right to maintain a cause of action under the wrongful death statute is derivative, and is conditioned upon the continuance of the right in decedent at the time of his death. Recovery of a judgment for damages due to the injury, or by settlement with the wrongdoer by which the injured party fully releases his cause of action, in the absence of fraud or mistake, will preclude a recovery by his personal representative for damages based upon the same wrongful or negligent act. 39 A.L.R. 579.

The Supreme Court of the State of Kansas in Fuller v. Atchison, T. & S.F.Ry. Co., 124 Kan. 66, 257 P. 971, 973 (1927) held that settlement and release by the decedent barred a subsequent wrongful death action.

The United States Supreme Court followed the Kansas precedent in Mellon v. Goodyear, 277 U.S. 335, 48 S.Ct. 541, 72 L.Ed. 906 (1928) and said:

"By the overwhelming weight of judicial authority, where a statute of the nature of Lord Campbell's Act in effect gives a right to recover damages for the benefit of dependents, the remedy depends upon the existence in the decedent at the time of his death of a right of action to recover for such injury. A settlement by the wrongdoer with the injured person, in the absence of fraud or mistake, precludes any remedy by the personal representative based upon the same wrongful act. Construing the statute of Kansas, the Supreme Court of that state seems to have accepted this generally approved doctrine. Fuller v. Atchison, T. & S.F. R. Co., 124 Kan. 66, 257 P. 971, 973 (1927)."

The Oklahoma wrongful death statute was derived from the Kansas act. This court held in Chesmore v. Chesmore, 484 P.2d 516 (Okl.1971) that Kansas decisions

are well-nigh conclusive on the interpretation of early Oklahoma statutes adopted from Kansas.

The full release, involved in this case, in the absence of fraud, mistake, duress, inadvertence, or undue influence, executed by the injured party (husband) based upon valuable consideration, is sufficient to settle all claims and foreclose the institution of a subsequent action for wrongful death based upon the same tortious act.

The order of the trial court is reversed, and the cause is remanded with directions to enter summary judgment in favor of the defendants.

BERRY, C. J., DAVISON, V. C. J., and WILLIAMS, JACKSON, LAVENDER, BARNES and SIMMS, JJ., concur.