Mokpiiy, J.
delivered the opinion of the court.
The plaintiff claims $525, being a balance due for one year’s rent of a store payable by monthly instalments; the defendants having abandoned the premises before the expiration of the lease. A provisional seizure was taken on goods removed to another store, which defendants occupied on leaving, that of the plaintiff. Ho answer having been filed, a judgment by default was entered, which was made final after the legal delays. A motion to set aside this judgment having been overruled, defendants appealed.
Several points have been made in this court by the appellants. The opinion we' have formed on one of them renders the examination of the others superfluous. They contend that the plaintiff did not prove his demand according to article 312 of the Code of Practice, when he obtained a confirmation of the judgment by default.
The record shows that no witnesses were examined either in open court, or under a commission taken for that purpose. Two affidavits were filed in the case, purporting to have been sworn to and subscribed before P. Le Blanc, the deputy clerk of the court. Admitting that these affidavits were laid before the judge when the judgment was made final, they do not, in our opinion, constitute that proof which was intended and is required by the Code. Clerks of courts have no authority out of the presence of the court to swear witnesses and take down their testimony in a cause. They are only authorized to administer all oaths required to he taken in cases of arrest, attachment, provisional seizure, &c.; and generally whenever any conservatory measure is asked for by one of the parties. 1 Moreau’s Dig. 228, sect. 5. When issue is joined in a cause, either expressly by an answer, being filed, or tacitly by a judgment by default being entered, every witness examin- [336] ed must give his testimony in open court or it must be taken under a commission. We are not aware of any good reason why the law should not he complied with in both cases. Code of Practice, arts. 360, 478 and 427. Ho legal proof of the plaintiff’s demand having been made, the judgment by default was wrongfully confirmed.
It is therefore ordered that the final judgment rendered by the district court be reversed, and that this case he remanded for further proceedings, the appellee paying the costs of this appeal.