PROVOSTY, J.
The plaintiffs sue in damages for the death of their brother, who, while in the employ of'the defendant, was killed by a gear chain snapping and one of its ends whipping around and striking him on the head.
The defenses are that the chain was not defective and was not being operated negligently, but that its breaking was nothing more than what frequently happens with the best of such chains, no matter how carefully operated; and that the death of the brother of plaintiffs was attributable to his own negligence in unnecessarily exposing himself to the danger that overtook him.
The link that broke was nearly worn through, and we are satisfied that to its weakened condition the break was due, and not to any overstrain such as unavoidably comes sometimes upon these chains and snaps them; but we are equally satisfied that the brother of plaintiffs exposed himself unnecessarily to the danger, and that therefore no recovery can be had.
He and other workmen were engaged in drilling an oil well. The apparatus used in this work consists of a towerlike derrick, 22 feet square at the bottom and going up tapering to a height of some 85 feet, open on all sides, down the center of which descends the pipe to be sunk into the ground; and of an engine, outside of the derrick, which imparts to the descending pipe a rotary motion whereby it makes its way into the ground, the motive power being transmitted from this engine to the machinery by which the pipe is held and rotated inside of the derrick, by the chain in question. There are two floors to the derrick; one about three feet from the ground, and the other about fifty. The lowest crosspiece of the derrick is about eight feet above the lower floor.
The brother of plaintiffs, when he received his fatal injury, was standing on this lower floor, inside of the derrick, on a line with the chain in question and with the sprocket wheel upon which it revolved, and -near this sprocket wheel. This place was very dangerous, for the reason that whenever the pipe, in going down, would encounter rock or other hard substance, the chain was likely to *971 break and. the ends fly off, as happened in this case; and this would happen frequently, and the workmen knew it. The position of the brother of plaintiffs when at work was on the top floor, and his way thither was at a safe distance from the place where he received his injury.
He came and stood at this dangerous place needlessly and thoughtlessly. True, he had but just come there when the accident happened; but he should not have come at all.
His presence there is sought to be justified on the score that he came to get orders from the foreman and driller, who, for operating the drill, stood within three feet of the place. But he could have communicated with the foreman just as well by approaching him from another and safe direction, or by standing safely further away from him.
In a case where the servant has been injured as the result of his having voluntarily taken an unnecessary risk, the master is not responsible, even though by his negligence the risk thus incurred by the servant had been made greater than it would otherwise have been. Day v. Railroad Co., 121 La. 180, 46 South. 203; Darsam v. Kohlmann, 123 La. 164;[1] Welton v. Lumber Co., 114 La. 842, 38 South. 580; Howlett v. Bridge Co., 123 La. 709, 49 South. 480; Ball v. Railroad, 123 La, 7, 48 South. 565.
The judgment appealed from is set aside, and the suit of the plaintiffs is dismissed, at their cost.

 48 South. 781, 20 L. R. A. (N. S.) 881.