### JOHNSON et al. v. SUNDBERY.
#### No. 1196.

Court of Appeal of Louisiana. First Circuit. Oct. 5, 1933.

A. W. Muller and Joseph A. Scramuzza, both of New Orleans, for appellant.

St. Clair Adams and St. Clair Adams, Jr., both of New Orleans, for appellee.

ELLIOTT, Judge.

Rodney Johnson, acting individually and also as natural tutor for Estelle and Major Johnson, both minors, issue of his marriage with Sarah Johnson, deceased, claims of Oscar C. Sundbery $3,000 for himself, $3,000 for Estelle, and $3,000 for Major, a total of $9,000, with interest, as damages, on account of the death of Sarah Johnson, his wife and the mother of his children.

He alleges that on November 1, 1930, at about the hour of 6 o'clock p. m., his wife, while going east on the highway between Houma and Schriever in the direction of Schriever, was struck by an automobile, belonging to Oscar C. Sundbery, which was being driven by his son, Fred Sundbery, going in the direction of Houma, and painfully and fatally injured; that said Fred Sundbery, who was about 14 years of age, was driving defendant's automobile at the time at a rapid and excessive rate of speed and in a most negligent and reckless manner; that the death of plaintiff's wife, the mother of his children, was due to the fault and negligent driving of defendant's son. The petition of the plaintiff contains a number of averments not mentioned, but a further statement is not necessary to the proper understanding of the issues, which require decision on the present appeal.

The defendant excepted to the plaintiff's petition on the ground that it did not set forth a cause of right of action, and at the same time, continuing his pleading, reserving all rights under his exception, he filed an answer.

In his answer, after denying all the acts of negligence, alleged against his son, he admits that an impact occurred between his automobile, while it was being driven by his son on the highway, and plaintiff's wife. He alleges in his answer that the accident occurred between Schriever and Houma; that his son, while driving in the direction of Houma on the right-hand side of the road, saw an automobile ahead of him in the dark, parked in the center of the road at an angle of 40 degrees, with the left rear end slightly on the side of the road on which his son was driving; that his son, upon seeing the automobile, slowed down his speed to approximately 15 miles per hour and proceeded to pass the parked automobile cautiously, but when he reached a point opposite the driver's seat, a party afterwards learned to be Sarah Johnson, suddenly and without warning ran directly from the rear of the parked automobile into the path of his automobile; that the woman was not visible to his son until the moment she ran in front of him not more than 5 feet distant; that his son immediately applied his brakes and swerved to the right, but it was impossible to avoid striking her.

He prays that plaintiff's demand be rejected on the ground that his son was not at fault and on the ground that the accident was caused by the negligence of Sarah Johnson. In the event it is found, however, that his son was negligent and at fault in the matter, he then, in that event, alleges that plaintiff's wife was also negligent, and that her contributory negligence was as much responsible for the accident as that of his son, and he prays, in that event, that plaintiff's demand be rejected on that account.

He denies that plaintiff's wife died as a result of being struck by his automobile, and alleges that she died from a heart condition, existing long before the accident.

And without admitting liability, he further pleads a settlement with Sarah Johnson on account of the injuries, which she received in the collision with his automobile, and he urges his settlement with her as full payment and discharge of any amount that might have been due her on said account.

The court for written reasons rendered judgment rejecting plaintiff's demand as in case of nonsuit. The plaintiff has appealed.

The exception of no right or cause of action, with which defendant commences his answer, is in fact not an exception but an answer, putting at issue plaintiff's right to recover; the contention being that the release, signed by Sarah Johnson, operated to discharge the defendant from all liability on account of the death of plaintiff's wife; that, if any were sustained, the settlement had re-

paired, paid for, and discharged defendant on said account.

This release reads as follows:

"Release

"Know all men, by these presents, that I, Sarah Johnson, for the sole consideration of Eight Hundred and Fifty Dollars to me in hand paid by Oscar C. Sundbery, the receipt whereof is hereby acknowledged, have released and discharged and, by these presents, do for myself, my heirs, executors, administrators and assigns release and forever discharge the said Oscar C. Sundbery and all other persons, firms or corporations, liable from all claims, demands, damages, actions, causes of action or suits at law or in equity of whatsoever kind or nature for or because of any matter or thing done, omitted or suffered to be done by said parties prior to and including the date hereof and particularly on account of all injuries, both to person or property, resulting or to result from an accident, which occurred on or about the 1st. day of November, 1930 at 6:30 P. M.

"In witness hereof I have hereunto set my hand and seal this 24th. day of

|  | her |
| "January, 1931. | Sarah X Johnson |
|  | mark |

"In witness of:
  "C. A. Poret
  "L. R. Solares"

Under the law, Civil Code, art. 2334 (amended by Act No. 186 of 1920) and article 2402 (amended by Act No. 68 of 1902), the damages due Sarah Johnson, if any were due her by the defendant on account of her injuries as alleged, was her separate and paraphernal property and the release discharged defendant on account of all injuries which might be claimed under her rights as her heirs or assigns, but not those which might be due her husband and children not as her heirs or assigns but solely by virtue of the provisions of Civil Code art. 2315 (amended by Act No. 159 of 1918).

The Civil Code, art. 2315, was amended by Act No. 159 of 1932, but plaintiff's rights accrued before this amendment was passed and while the article was in force and effect as amended by Act No. 159 of 1918, which as thus amended reads: "Every act whatever of man that causes damages to another obliges him by whose fault it happened to repair it; the right of this action shall survive in case of death in favor of the children or surviving spouse of the deceased or either of them, and in default of these in favor of the surviving father and mother or either of them, and in default of any of the above persons, then in favor of the surviving brothers and sisters or either of them, for the space of one year, from the death; provided that should the deceased leave a surviving spouse, together with minor children, the right of action shall accrue to both the surviving spouse and minor children; provided further, that the right of action shall accrue to the major children only in cases where there is no surviving spouse or minor child or children. The survivors above mentioned may also recover the damages sustained by them by the death of the parent or child or husband or wife or brothers or sisters as the case may be."

Under this law, the plaintiff, as surviving husband, and his minor children have a right of action against the party by whose fault and negligence the wife and mother has been injured in such a way as to cause her death and only in the event of her death as a result of the injury. This right of action could not be released by the wife and mother, because it never belonged to her but accrues to the husband and minor children solely as a result of the law and her death, brought about in the way stated. In Dougherty v. N. O. Ry. & Light Co., 133 La. 993, 63 So. 493, the Supreme Court passed on this question favorably to the rights of the husband and children and adversely to the contentions of the defendant. The holding in the Dougherty Case is in harmony with the opinion in Eichorn v. N. O. & C. R. Light & Power Co., 112 La. 237, 36 So. 335, 104 Am. St. Rep. 437, in acting on an application for rehearing, page 251 of 112 La., 36 So. 339, and in Underwood v. Gulf Refining Co., 128 La. 968, on rehearing page 990, 55 So. 641, 649, and with Vincent v. Morgan's Louisiana & Texas R. & S. S. Co., 140 La. 1027, 74 So. 541, although defendant cites the case as holding otherwise.

American State Reports, vol. 70, p. 666, contains a case entitled Brown v. Chattanooga Electric Ry. Co., 101 Tenn. 252, 47 S. W. 415, and an appendix thereto from which we reproduce from page 684 the following excerpt: "Where, however, a cause of action does arise, and the injured person has a period of suffering and expense, there seems no reason that he should not be able, while living, to make an adjustment of his claim with defendant which would bar a recovery by his beneficiaries after his death upon the same claim. But the action given under other than survival statutes is entirely distinct from the action which deceased had at the moment prior to his death. It is an action for damages arising from the mere fact of death, not damages to the deceased, but damages to his successors under the statute. Therefore, we cannot comprehend the reasoning which enables an injured person to release a cause of action which has not accrued, and cannot accrue until his death, and which then accrues to third persons. It would be necessary to support such a conclusion that we admit that a person has a right of action for his own death. A greater degree of absurdity would not be

attained in the enactment of a statute making suicide punishable as murder in the first degree."

In Kerner v. Trans-Mississippi Terminal R. Co., 158 La. 853, 104 So. 740, the court said, referring to the case, Flash v. Louisiana Western R. Co., 137 La. 352, 68 So. 636, L. R. A. 1916E, 112, that the decision in the Flash Case had probably led to the enactment of Act No. 159 of 1918.

The ruling of the lower court sustaining a right and cause of action in the plaintiff is correct.

■ A death certificate is attached to plaintiff's petition as part thereof and filed therewith. The plaintiff offered in evidence on the trial of the case an inquest, that is, the report of a coroner's jury, and relies on the recitals therein contained for proof of his cause of action against defendant. Defendant admits in his answer that his automobile, while being driven by his son, impacted with plaintiff's wife at the time and place mentioned in the petition. The proof on the trial showed that fact, but unless the recital of facts in the death certificate or in the coroner's inquest is received as proof against the defendant, there is no connection shown between her injury on November 1, 1930, and her death in the Charity Hospital some two months and three weeks later.

The certificate of death bears date October 9, 1931. It is stated in the certificate that Sarah Johnson died in the Charity Hospital on February 23, 1931. Under the heading, Cause of Death, it is said: "Hypostatic pneumonia foll frac of Lt. femur upper 3rd. infec lacerated wound anterio surface of Lt ankle auto injuries." It is signed by P. H. Lanauze, deputy recorder of births, deaths, and marriages, parish of Orleans.

The coroner's inquest, offered in evidence by the plaintiff, bears date February 23, 1931. It reports the death of Sarah Johnson and contains a statement to the effect that she died as the result of· hypostatic pneumonia and general septicemia following fracture of wound on the left femur and upper third left ankle infected, lacerated, and that said injuries happened in an automobile accident out of town on November 2, 1930, and is signed by the jury and coroner.

The defendant objected to the coroner's inquest, when· it was offered in evidence, on the ground that it was not admissible for any purpose, except to show the death of Sarah Johnson. The court received it in evidence but restricted its effect to the proof of death only. This ruling had the effect of excluding, as evidence, all the statements made on the face of the inquest, except the fact of death. The plaintiff offered no other evidence on the subject, consequently, unless· the restriction is set aside and the facts stated in

the death certificate and particularly those stated in the coroner's inquest are received in evidence and given effect, there is no showing that Sarah Johnson's injury on November 1, 1930, was one of the causes and factors bringing about her death.

The lower court in written reasons for judgment says on this subject: "The plaintiff contends, that the cause of Sarah Johnson's death is established by the certificate and inquest of the coroner's jury, citing a number of cases to that effect in criminal cases. Such a recital in a death certificate and in an inquest, held by the coroner's jury, is not admissible in evidence in a suit for damages on account of an alleged negligent striking, resulting in death, when the alleged resulting death is denied by the defendant, the resulting death is one of the issues of the case."

The plaintiff, citing the Revised Statutes, §§ 655 and 663, on the subject of coroners and a number of decisions of the Supreme Court, contends that a coroner's inquest is admissible for the purpose of showing the cause of death. Act No. 241 of 1926 has enlarged to some extent the provisions of the Revised Statutes on the subject, and it is not open to dispute that, when a person is found dead or has died as a result of violence, the finding of a coroner's jury is admissible for the purpose of showing the cause of death. The cases cited in plaintiff's brief support him in that respect, but not when it comes to a damage suit, based on alleged negligent acts as the cause of death. In such a case, the negligence and fault of the adverse party cannot be established against him,,over· his objection, by declarations of fact in a coroner's inquest.

In a suit for damages against a party, based on alleged negligence resulting in death, the recital in a death certificate and coroner's inquest, as to the cause of death, is as to the defendant hearsay evidence. The defendant has the right to cross-examine the witnesses concerning the facts causing the death. The trial of a civil suit is provided for in the Code of Practice. Chapter 5, § 1, art. 478, provided that the witnesses are to be sworn in the presence of the parties. This article of the Code of Practice received recognition by the Supreme Court many years ago. "When issue is joined in a cause, either expressly by an answer being filed, or tacitly by a judgment by default being entered; every witness examined must give his testimony in open court or it must be taken under a commission." Sandeman v. Deake & Willard, 17 La. 332.

In Faulk v. Mutual Life Insurance Co., 160 La. 529, 107 So. 395, 398, the Supreme Court, quoting with approval a previous decision and other authorities, says: "The formal report of a coroner's jury is at best but the weakest

kind of evidence * * * and, 'by the weight of authority, however, while such verdict is competent to be received in evidence as part of the proof that the death occurred, it is not even prima facie competent as tending to prove the cause of such death; and this is true when it is introduced by either party.'" The same holding was made in Webster v. New York Life Insurance Co., 160 La. 854, 107 So. 599.

From Ruling Case Law, subject Coroners, vol. 6, § 9, p. 1172, we copy the following: "The question of the admissibility of this kind of evidence has also arisen in connection with personal injury cases and it is held, that, while the cause of death may be shown, negligence may not, as that is extraneous to the province of the inquest."

Wigmore, after an exhaustive commentary on the subject, says, in effect, that originally inquests were admissible in evidence in civil cases to prove the facts, stated in the inquest, but that courts to-day appear disinclined to recognize them. Wigmore on Evidence, vol. 3, subject, Exceptions to the Hearsay Rule, chap. LIV, § 1671, p. 2078.

The Code of Practice provides for taking testimony by commission and there are now other methods but in controverted issues in civil cases, like the present, the right and privilege of cross-examination must have existed in some form, otherwise the testimony, if objected to, is not admissible. There is a class of evidence admitted, as exceptions to the hearsay rule, but the kind we are discussing is not included in the exceptions.

The ruling of the lower court, restricting the death certificate and the coroner's inquest to the proof of death and giving same no further effect, was correct. It therefore follows that the record contains no evidence connecting the injury, which Sarah Johnson sustained on November 1, 1930, with her death. Such being the case, a review of the evidence on the subject of negligence would serve no useful purpose.

Judgment affirmed.