## COLEMAN v. UNIVERSAL LIFE INS. CO. OF MEMPHIS, TENN.

### No. 15067.

Court of Appeal of Louisiana. Orleans.
Nov. 14, 1934.

Rudolph O. Vorbusch, of New Orleans, for appellant.

Normann & McMahon and Harold M. Rouchell, all of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit by a beneficiary on a policy of industrial life insurance for the face value of the policy, or $190. The defendant company admitted the issuance of the policy and its liability for one-fourth of the amount claimed, making the following averment in that regard:

"And now further answering your respondent would show that under the terms of said policy and the condition thereof, the said plaintiff herein is entitled to the sum of Forty-seven and 50/100 ($47.50) dollars, being one-fourth of the face value thereof, which defendant has at various times tendered to the said plaintiff herein, but refused by him on each occasion, and that no other liability attaches to respondent under the said policy contract, all as will be shown on the trial of this cause."

On the trial of the case plaintiff offered the policy and proof of the payment of premiums and of the death of the insured and rested his case, whereupon the defendant attempted to prove that the deceased, plaintiff's father, died of a chronic heart ailment. Plaintiff's counsel objected "to any offer of proof along the line of special defense, or limitation of liability hereon, on the ground that no specific policy provision of limitation has been pleaded, and further that no facts thereunder have been alleged, and, not being pleaded or alleged, cannot be gone into now." The objection was overruled and an attempt was made to show, principally by means of a death certificate of the Board of Health, that the insured died from chronic heart trouble. The offer of the death certificate was objected to on the ground that the certificate was evidence only of the fact of death and not of the cause of death. Johnson et al. v. Sundbery (La. App.) 150 So. 299. This objection was sustained and the certificate excluded. The other evidence presented by defendant bearing upon the cause of the death of decedent was without any probative value.

There was judgment below in plaintiff's favor, as prayed for, and defendant has appealed.

In this court defendant and appellant complains of the ruling of the court excluding the death certificate and other rulings excluding evidence tending to show that the deceased died of chronic heart disease.

The policy sued on provides that it "shall be incontestable after two years from the date of its issue, except for fraud, misstatement of age, and for causes of death mentioned in Clause 12 under conditions hereof." The causes mentioned in clause 12 are of no interest here. The provision relied upon is found in clause 16 and reads as follows:

"If the death of the insured results directly or indirectly from consumption, tuberculosis, pellagra, disease of the heart or blood vessels, diabetes, nephritis, or any form of kidney disease, cancer, paralysis, or apoplexy, before this policy shall become incontestable, then only one-half of the minimum amount stated in the schedule above shall be due as a death benefit."

By reference to another provision of the policy the minimum death benefit is fixed at $95. The deceased died within two years of

the issuance of the policy, and therefore it is contended that under clause 16 of the policy only one-half of the minimum death benefit, or $47.50, is due.

The first question to be considered is whether, under the pleadings, the defense as argued and briefed in this court, in view of the timely objection of plaintiff's counsel, may be considered as an issue in this case.

 It is a familiar rule of pleading that special defenses must be specially pleaded. 9 La. Dig., verbo Pleading, § 40, p. 1184. The only reference in defendant's answer to the defense relied upon is contained in paragraph 6, which we have quoted in full, to the effect that the plaintiff is entitled to only one-fourth of the face value of the policy. In our opinion the requirement of the rule concerning the special pleading of special defenses is not met by this general averment that, under the terms of the policy, the liability of the defendant is limited to one-fourth of its face value. No reference is made to the clause of the policy which limits the insurer's liability and no averments of fact which reduce the claim of the beneficiary by bringing the loss within the clause providing for the limitation of the insurer's liability.

In Cahn & Wachenheim v. Fid. & Cas. Co., 157 La. 238, 102 So. 320, 321, our Supreme Court said:

"Where a policy insures generally against a particular peril, and contains a further clause exempting the company from liability for loss caused in a certain manner, which would otherwise have fallen within the general terms of the policy, the burden is upon the insurer to allege and prove that the loss fell within the exemption. Such a clause is considered as an exemption from liability, and a defense rather than as an exception proper, limiting and defining the risk covered."

In Couch on Insurance, § 2114, p. 6847, vol. 8, we read:

"And a defense under an exemption clause is not available unless the clause and its breach are pleaded; that is, an insurer wishing to avail itself of a defense that the loss was one excepted in the policy must aver the same, since losses from excepted causes constitute affirmative defenses. So, an insurer desiring to rely upon an exception or limitation of liability must allege and prove facts which bring the risk or loss within the exemption or limitation."

In Corpus Juris, vol. 33, verbo Insurance, p. 90, it is said:

"Matters Reducing Recovery.—Matters reducing the amount of the company's liability must be specially pleaded by alleging the applicable clause of the policy and the facts showing, in what amount the liability should be reduced."

See, also, Gaines v. Acme Indust. Life Ins. Soc. (La. App.) 155 So. 276.

 All evidence tending to establish this defense should have been excluded because the defense was not properly pleaded.

The ruling of the court in excluding the certificate of the Board of Health, in view of what we have said concerning the insufficiency of pleading, need not be discussed; but on this point see Johnson et al. v. Sundbery (La. App.) 150 So. 299.

Plaintiff and appellee has asked for damages for frivolous appeal. We are not convinced that the appeal is entirely frivolous and, therefore, decline to impose the statutory penalty.

The judgment appealed from will be affirmed.

Affirmed.