WATKINS, Judge.
We granted writs in this case because we had reservations concerning the validity of an indemnity agreement binding one’s heirs or legatees to hold harmless the defendant in an action for personal injury should an action subsequently be brought for the injured party’s wrongful death.
John A. Guillory entered into the annexed Receipt, Release and Indemnification Agreement (hereinafter called “Indemnity Agreement”) for personal injury resulting from a helicopter accident. Thereafter, following Guillory’s death, Bonita Guillory, his widow, on her own behalf and on behalf of Guillory’s minor son, David James Guillory, and John R. Guillory, Helena Y. Guillory, and Donna A. Guillory, Guillory’s major children, filed an action against Petroleum Helicopters, Inc. (PHI), American Home Assurance Company (American), and John Duso for Guillory’s allegedly wrongful death. Defendants PHI and American reconvened, on the basis of the annexed indemnity agreement, contending that they were entitled to recover from plaintiffs, by virtue of the indemnity agreement, any sums recovered by plaintiffs from them in the principal action. Plaintiffs as defendants in reconvention then moved for summary judgment dismissing the reconven-tional demand. The trial court denied summary judgment, stating in oral Reasons for Judgment that the indemnity agreement was, in its opinion, fully enforceable and further stating that its ruling really had the effect of a summary judgment against the principal plaintiffs.
As we have stated, we have grave doubts that the indemnity agreement may be enforced against the plaintiffs in a wrongful death action. A wrongful death action is a separate cause of action that arises upon one’s death, and the right to bring such action may not be released by the injured party while he is still alive. Johnson v. Sundhery, 150 So. 299 (La.App. 1st Cir.1933). As the action for wrongful death is a separate cause of action, in our opinion there is considerable doubt that an indemnity agreement entered into by an injured party may serve to bind one’s survivors in a wrongful death action for a cause of action that by the nature of things cannot exist at the time the indemnity agreement is entered into.
However, we shall assume that such an indemnity agreement is enforceable for purposes of discussion. Still, the internal evidence contained within the indemnity agreement itself raises many serious questions concerning the mental competency of Guillory to enter into the agreement. These questions are far too substantial to permit the reconventional demand to be decided one way or the other on motion for summary judgment, but should be resolved by trial on the merits. The indemnity agreement states that Guillory suffered brain injury resulting, inter alia, in brain surgery, damage to personality, memory loss, confusion, outbursts of inappropriate *1282 anger, and disorientation. Appended to the indemnity agreement is an affidavit of Dr. Jay W. Seastrunk, a psychiatrist of New Orleans stating that Guillory is mentally competent to enter into the indemnity agreement. The presence of this affidavit in the record immediately gives rise to the almost inescapable conclusion that the testimony of Dr. Seastrunk must first be heard before any ruling can be made upon the validity or enforceability of the indemnity agreement. Indeed, because of the further questions concerning Guillory’s mental competency raised internally by the indemnity agreement itself, we feel it is inappropriate to rule upon the enforceability of the indemnity agreement without receiving testimony concerning Guillory’s mental competency at the time he entered into that agreement. This testimony should be taken and all other matters, we feel, should be resolved all at one time by a trial on the merits of both the principal and the recon-ventional demands.
We remand the case for trial on the merits concerning all matters, including the mental competency of Mr. Guillory. We set aside the ruling of the trial court that the indemnity agreement is enforceable, and direct that no decision be made on that matter until trial on the merits is held.
REMANDED FOR TRIAL ON THE MERITS.
APPENDIX
RECEIPT, RELEASE AND INDEMNIFICATION AGREEMENT
WHEREAS, on or about July 15, 1976, John A. Guillory was employed by Continental Oil Company and was en route from Continental Oil Company’s facility at Berwick, Louisiana to a fixed platform, located at Block 198, Ship Shoal Area, in the Gulf of Mexico, offshore of the State of Louisiana, aboard a Bell Model 206B helicopter, bearing Aircraft Registration Number N8176J, piloted by Edwin C. Duso, an employee of Petroleum Helicopters, Inc., and owned and operated by Petroleum Helicopters, Inc.; and,
WHEREAS, the said helicopter crashed on take-off and, as a result of said crash, John A. Guillory claims to have sustained personal injuries, including, but not limited to, injuries to his head, resulting in a fractured skull, injury to his brain, brain damage as a result of bruising and the removal of neurotic brain tissue, deja vu, jamais vu, loss of ability to have sexual relations, brain surgery, craniotomy, cranioplasty, change in personality, severe headaches, memory loss, confusion, disorientation, decreased frustration tolerance, withdrawal from outside social activities, outbursts of anger inappropriate and unrelated to the environmental stimulation, post-traumatic encephalopathy, temporal lobe epilepsy, and various other physical and mental disorders, resulting in total and permanent disability and making John A. Guillory incapable of gainful employment; and,
WHEREAS, as a result of the aforementioned injuries, John A. Guillory was treated by physicians of his own choosing, including: Dr. Jay W. Seastrunk, Dr. Ricardo Leoni, Dr. Lou Anna Fink, Dr. Charles Edward Moan, Dr. Dietrich Blumer, Dr. Earl Hackett, Dr. Irving Fosberg and Dr. Dorsey Dysart, and various practitioners at the Lafayette General Hospital; and,
WHEREAS, as a result of the aforementioned injuries, John A. Guillory has made claim against Petroleum Helicopters, Inc., Edwin C. Duso and their insurer, American Home Assurance Company, liability for which has been specifically denied and, in furtherance of his demand, instituted suit in the United States District Court for the Eastern District of Louisiana in the matter entitled: “John A. Guillory v. Edward C. Duso [sic],” being Civil Action No. 77-1368 on the docket of the said Court, and in the 24th Judicial District Court for the State of Louisiana, Parish of Jefferson, in the matter entitled “John A. Guillory v. Edwin C. Duso, Petroleum Helicopters, Inc., and ABC Insurance Company,” being Proceeding No. 200-987 on the docket of the said Court, seeking damages for his personal injuries as aforementioned, in which proceedings all defendants have filed responsive pleadings denying liability in the premises; and,
*1283 WHEREAS, upon trial in the United States District Court for the Eastern District of Louisiana, in Civil Action No. 77-1368, said action was dismissed for lack of jurisdiction, with the dismissal of said action being appealed to the United States Court of Appeal for the Fifth Circuit, said appeal bearing No. 79-3259 on the docket of said Court; and,
WHEREAS, the parties now wish to amicably compromise, settle, and adjust their differences on the basis hereinafter set forth;
NOW, THEREFORE, KNOW ALL MEN BY THESE PRESENTS:
That for and in consideration of the sum of FIVE HUNDRED NINETY-FIVE THOUSAND AND NO/lOO ($595,000.00) DOLLARS, cash in hand, said sums being paid to John A. Guillory by or for the account of Petroleum Helicopters, Inc., Edwin C. Duso and American Home Assurance Company, receipt of said sums being hereby acknowledged and due acquittance and discharge therefore granted, the undersigned John A. Guillory does hereby release, remise and forever discharge Petroleum Helicopters, Inc., Edwin C. Duso, American Home Assurance Company, their agents, servants, employees, officers, directors, managers, stockholders, insurers, attorneys, assigns, successors, affiliates, subsidiaries and all parties for whom or with whom Petroleum Helicopters, Inc. was working on the aforementioned date, of and from any and all liability, claims, liens, remedies, debts, damages, injuries or causes of action of whatever nature or kind which he now has or which he, his heirs, assigns or legal representatives may hereafter acquire, including, but not limited to, all costs, expenses, past and future loss of earnings, past and future medical expenses, future living expenses, found, pain, suffering and disability arising out of or in any way connected, either directly or indirectly, with the accident and injuries aforementioned, including, without limitation, any rights or claims under L.S. A.-C.C. Article 2315, et seq., the federal statute or law known as the Jones Act (46 U.S.C. § 688, et seq.) or under the Longshoremen’s and Harbor Workers’ Compensation Act (33 U.S.C. § 901, et seq.) or under the general maritime law or for the negligence of Edwin C. Duso or any other employee of Petroleum Helicopters, Inc., or for the negligence of Petroleum Helicopters, Inc., or any other person or entity for whose actions Petroleum Helicopters, Inc. is responsible and, particularly, for any acts of independent negligence on the part of Petroleum Helicopters, Inc. or anyone for whom Petroleum Helicopters, Inc. is responsible, or under any compensation statute, state or federal, or in tort, civil or maritime, or under any contract or policy of insurance, whether at law, in equity or in admiralty, on account of or in any way connected, either directly or indirectly, with the injuries sustained as aforesaid, and whether the same be now known or hereafter discovered.
In further consideration of the aforesaid payments, John A. Guillory does hereby bind and obligate himself, his heirs, administrators and executors to hold harmless, defend and indemnify Petroleum Helicopters, Inc., Edwin C. Duso, American Home Assurance Company, their agents, servants, employees, officers, directors, managers, stockholders, insurers, attorneys, assigns, successors, affiliates, subsidiaries and all parties released hereinabove which or who might now be or hereinafter become liable for claims, suits, or demands arising out of or in any way connected with the injuries he sustained or the conduct of the litigation or the handling of the claims arising therefrom, and to each and all of them to hold them harmless, to defend them and to indemnify them, or any of them, for any loss or damage of any nature whatsoever sustained, or which may be sustained in the future, directly or indirectly, as a result of the injuries heretofore recited and the claims and litigation arising therefrom.
In further consideration of the aforesaid payments, John A. Guillory warrants that he has discussed his physical, medical and mental condition with physicians of his own choosing and, as evidenced by the affidavit of Dr. Jay Seastrunk attached hereto, he is fully aware of his mental, medical and physical condition and of the prognosis for the future. John A. Guillory further warrants that he is fully aware that his condi *1284 tion may grow worse than it is or seems to be, and that future surgery or other treatment may be required; that in executing this Receipt, Release and Indemnification Agreement, he is completely giving up and discharging any and all rights he has against the parties hereinabove set forth, and that he may never again proceed against such parties in the event his condition worsens in the future or that he requires new, or continued, treatment; and that he is desirous of accepting the sum of FIVE HUNDRED NINETY-FIVE THOUSAND AND NO/lOO ($595,000.00) DOLLARS in full settlement and discharge of all his legal rights arising out of or resulting from his injuries as aforesaid, and that he is of the opinion that this settlement is reasonable and proper under the circumstances.
In further consideration of the aforesaid payments, John A. Guillory agrees to and by execution of this Receipt, Release and Indemnification Agreement instructs his attorney, S. Michael Cashio, to dismiss, with prejudice, each party to bear its own respective costs, the matters entitled: “John A. Guillory v. Edward C. Duso [sic],” being No. 79-8259 on the docket of the United States Court of Appeals for the Fifth Circuit, and “John A. Guillory v. Edwin C. Duso, Petroleum Helicopters, Inc., and ABC Insurance Company,” being No. 200-987 on the docket of the 24th Judicial District Court for the State of Louisiana, Parish of Jefferson.
It is expressly understood and agreed that the payments aforementioned are made without any admission of liability on the part of any party, and are made purely by way of compromise and settlement in order to avoid the uncertainties of litigation.
IN WITNESS WHEREOF, this instrument has been executed in multiple originals in the presence of the undersigned witnesses, this 29th day of October, 1979.
[[Image here]]
[[Image here]]
[[Image here]]
CERTIFICATE
We, the undersigned witnesses, do hereby certify that the above and foregoing Receipt, Release and Indemnification Agreement was read by, and explained to, the said John A. Guillory, that it was executed in our presence and that the said claimant, when questioned, acknowledged verbally *1285 that he fully understood the contents of the instrument and, further, understood that it was a receipt and release of all his rights, past, present, or future, in connection with the above-described incidents and that he executed the same as his own free act in exchange for FIVE HUNDRED NINETY-FIVE THOUSAND AND NO/lOO ($595,-000.00) DOLLARS.
[[Image here]]