COVINGTON, Judge.
This is a wrongful death action. We have carefully read the record, and find the written reasons of the trial judge, a copy of which is attached, correctly dispose of the determinative factual and legal issues presented by this case.[1]
For the pertinent reasons expressed by the trial judge, which we adopt as our own, the júdgment appealed is affirmed, at the costs of appellants.
AFFIRMED.
MARIE H. VACCARO, ETC., ET AL. VERSUS ALL GOOD, INC., ET AL.
NUMBER 248,628 DIV. “J” 19th JUDICIAL DISTRICT COURT PARISH OF EAST BATON ROUGE STATE OF LOUISIANA
JUDGMENT
PAUL B. LANDRY, Judge Pro Tem.
This is a wrongful death action. Plaintiffs are the widow, minor child and two major children of decedent Frank M. Vacca-ro, Sr. (Decedent). For a cause of action, plaintiffs aver that oh November 2, 1980, Decedent committed suicide allegedly due to grief over the death of his son, Brett Henry Vaccaro, who died September 30, 1980, reputedly as the result of negligence on the part of the employees of defendants All Good, Inc., and Caterpillar Tractor Company.
Separate causes of action are asserted as follows: Mrs. Vaccaro (Widow) asks damages for herself for loss of love, support, mental anguish, medical, funeral expenses and pain and suffering endured by Decedent prior to his demise. On behalf of her minor child, Vanessa F. Vaccaro, Widow *577 asks damages for decedent’s pain and suffering, mental anguish of the child, and loss of love and support. Frank M. Vacca-ro, Jr., and Craig M. Vaccaro, majors, seek damages for their father’s pain and suffering, loss of their father’s love and affection, and pain and anguish over his death.
Plaintiffs contend this suit presents a multiple wrongful death action authorized by La.C.C. Article 2315. First, there is survivorship action to recover damages for the death of the son for said decedent’s pain, suffering and losses, if any. Article 2315, above; Underwood v. Gulf Refining Company, 128 La. 968, 55 So. 641 (1911).
Secondly, plaintiffs contend the son’s death gives rise to a wrongful death action by Decedent for Decedent’s own injuries and losses emanating from the son’s death, which cause of action is transmittable to Decedent’s heirs. Plaintiffs argue that since Decedent is allowed recovery for his own injuries and losses over the death of his son, recovery must be allowed to the full extent thereof, including a causally connected suicide, which latter right is also transmittable to Decedent's heirs. Consequently, a cause of action exists in favor of plaintiffs for the death of their husband and father, respectively.
Defendant Caterpillar Tractor Company (Exceptor) has filed a peremptory exception of no cause of action herein in bar of all claims predicated upon the death of Decedent.
Exceptor concedes, however, that the right of the son to sue for his personal injuries, pain, suffering and losses, if any, survives in favor of Decedent and Widow. Exceptor also acknowledges that the right of Decedent to recover for his own personal losses occasioned by the son’s death survives Decedent and such damages, if any, are recoverable to Decedent’s estate. On the other hand, Exceptor vigorously contends that Article 2315 does not allow recovery of damages by anyone for the alleged wrongful death of Decedent.
In oral argument, counsel for plaintiffs abandoned the claims of the children to sue for damages for personal losses due to Decedent’s death. Counsel contends, however, that Widow has a cause of action under 2315 for Decedent’s death because Widow is authorized by 2315 to sue for her son’s death whereas the siblings are not.
La.C.C. Article 2315 pertinently states: “The right to recover damages to property caused by an offense or quasi offense is a property right which, on the death of the obligee, is inherited by his legal, instituted, or irregular heirs, subject to the community rights of the surviving spouse.
The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: (1) the surviving spouse and child or children of the deceased, or either such spouse or such child or children; (2) the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving; (3) the surviving brothers and sisters of the deceased, or any of them if he left no spouse, child or parent surviving. THE SURVIVORS IN WHOSE FAVOR THIS RIGHT OF ACTION SURVIVES MAY ALSO RECOVER THE DAMAGES WHICH THEY SUSTAINED THROUGH THE WRONGFUL DEATH OF THE DECEASED. A right to recover damages under the provisions of this paragraph is a property right which, on the death of the survivor or in whose favor the right of action survived, is inherited by his legal, instituted or irregular heirs, whether suit has been instituted thereon by the survivor or not.” (Emphasis added).
Plaintiffs allege that Decedent committed suicide because of mental derangement or of delirium induced by grief and emotional distress engendered by the death of his son, injuries for which Decedent could recover and that said injury to Decedent was the direct result of Exceptor’s negligence. Therefore, it is alleged and contended that an unbroken chain of causation exists between the two fatalities, giving rise to an action in favor of Widow against *578 Exceptor and affording Widow a cause of action for her own losses sustained by Decedent’s death. Widow argues that her right of action is a separate right existing in her favor pursuant to 2315, above, notwithstanding Decedent’s suicide and the fact that Decedent was not physically injured by the negligent conduct of the tort-feasor.
It is well settled that for purposes of deciding a peremptory exception of no cause of action, all well pled allegations of the petition must be accepted as true. Concerned Citizens of Rapides Parish v. Hardy, 397 So.2d 1063 (La.App.1981).
Widow’s contention that she is entitled to recover for the death of her husband under these circumstances is based primarily on Underwood v. Gulf Refining Company, 128 La. 968, 55 So. 641 (1911), which, interpreting Article 2315, above, held that one may recover damages for mental pain and suffering resulting from the death of a relative although the survivor himself suffered no personal injury. Widow also relies heavily upon Lynch v. Fisher, 34 So.2d 513 (La.App. 2d Cir.1948).
In Underwood, above, the court traced the history of our jurisprudence as regards recovery of damages by one suffering no personal injury to recover for damages due to mental pain and suffering occasioned by injury to another party. Underwood, above, noted that prior to the advent of the 1884 and 1908 amendments to Article 2315, above, our law recognized no right of recovery for injury to another, but rather protected only the right of persons and property. Hubgh v. N. O. & Car. & R. Co., 6 La.Ann. 495; Hermann v. N. O. & Car. & R. Co., 11 La.Ann. 5.
It is noteworthy that in Underwood, above, the court observed that in the absence of amendment to former C.C. Article 2294 (now 2315), no right of recovery in such cases existed and that the right was conferred only by special legislative amendments to the pertinent article. Quoting Walton v. Booth, 34 La.Ann. 913, Underwood, above, held that the pertinent provision of Article 2315 must be strictly construed.
In support of the argument that causal relationship exists between the accident which injured the son and the death of Decedent, plaintiffs rely upon Lynch v. Fisher, 34 So.2d 513 (La.App. 2d Cir.1948). Lynch, above, involved the claim of a good Samaritan who happened upon an accident and assisted in extricating defendant Gun-ter and Gunter’s wife from Gunter’s wrecked vehicle which had struck defendant’s truck parked on the side of the highway. Plaintiff found a pistol on the floor of the automobile and handed it to Gunter. Due to temporary delirium or derangement produced by the accident, Gunter shot plaintiff in the ankle. Defendant Fisher, whose employee allegedly caused the accident by improperly parking Fisher’s truck on the highway at night, filed an exception of no cause of action to plaintiff’s claim on the ground of lack of causal connection between the alleged improper parking and plaintiff’s injury because the eventual injury to plaintiff was not reasonably foreseeable and there was no breach of duty owed plaintiff.
■ On authority of 19 ALR page 13, the Fisher Court, found the rule of proximate cause applicable to injury to one voluntarily interposing to save a party endangered by negligence of a third person, to be that the negligence of the one creating the initial peril is the proximate cause of the injury to the intervening good Samaritan. Fisher, above, recognized that the shooting, although an intervening cause, would not exonerate the negligent party from liability unless it superseded the original negligence and unless the intervening cause alone produced the injury. The court additionally observed that under ordinary circumstances, the shooting would be deemed a superseding or intervening cause but for the claim that Gunter was temporarily deranged by reason of the shock resulting from the collision.
Adopting Section 455 of the Restatement of the Law of Torts, Lynch, above, held that if, in such cases, the initial negligence *579 produced delirium or insanity of another such as to make the original offender liable for the insanity, the original offender is liable for the harm done by the other to himself while delirious or insane if the delirium or insanity prevents his realizing the nature of his act and the certainty or risk of harm involved therein, or makes it impossible for him to resist an impulse caused by his insanity and which deprives him of the capacity to govern his conduct in accord with reason.
Plaintiffs contend the rule thus announced in Lynch, above, is applicable herein and therefore, if as the petition alleges Decedent was rendered delirious or insane by his grief, Decedent’s death is causally related to the initial fault of Caterpillar and Decedent’s taking his own life would not be deemed an independent superseding cause of his demise, thus giving rise to a cause of action in favor of Widow for his wrongful death.
Exceptor concedes that Article 2315, above, and our jurisprudence interpretative thereof, confers a cause of action upon the persons granted the right to sue for wrongful death, but allows recovery by such parties solely for their own damages sustained as a result of the death, which rights are transferred to their heirs in the event of their death. Exceptor maintains, however, that although the categorized beneficiaries established by Article 2315, above, may recover for their own injuries, the statute does not allow recovery by the heirs of such beneficiaries for injuries which the heirs sustain as a result of the death of the beneficiary.
Exceptor relies upon LaPlace v. Minks, 174 So.2d 895 (La.App. 1st Cir.1965), wherein a father sought damages for his own alleged injuries occasioned by his viewing the body of his daughter that had been mutilated in an accident which caused her death. The father suffered a disabling heart attack the day following the accident. After settling the claim for the daughter’s pain and suffering, the father sought recovery for his own personal injuries and alleged losses due to the death of his child. Defendants filed an exception of no cause of action that was sustained by the trial court. The Court of Appeal affirmed on the ground that our law does not allow recovery of damages for physical injury or economic loss by survivors entitled to sue under 2315, above. The Supreme Court refused writs in LaPlace, above, finding no error of law in the appellate court’s ruling.
To some extent, Exceptor also relies upon Holland v. St. Paul Mercury Insurance Co., 135 So.2d 145 (La.App. 1st Cir. 1961), which dealt with the perplexing problem of allowance of recovery of damages for mental pain and anguish sustained by virtue of injury to another person.
Under our duty-risk concept of liability, it appears that Widow’s claim must be rejected. A careful reading of 2315, above, indicates that the legislature intended that the only parties to whom a duty of care is owed in fatal tort cases are the estate of the decedent (which may recover for decedent’s personal suffering and losses, if any) and those specifically categorized surviving relations or beneficiaries permitted to recover personal losses occasioned by the demise of the tort victim. Since the pertinent article makes no provision for recovery by a 2315 co-beneficiary for the death of a fellow beneficiary (in this instance Widow), allegedly resulting from the death of the tort victim, it can only be presumed the legislature intended no duty was owed to the heirs of the beneficiary for losses which the heirs may have sustained due to the beneficiary’s demise.
This Court is of the view that the question should not be settled upon the basis of the propriety, reasonableness or practicality of those considerations inherent in allowing recovery for mental pain and suffering because of physical injury to another party. It appears that Article 2315 has resolved those issues by granting such recovery to those persons within the categories set forth in the statute.
Likewise, this Court finds that the matter should not be determined on the basis of proximate cause or absence thereof. The amendment to 2315 allowing recovery by survivors was not prompted by a legislative determination that such recovery *580 should be allowed because damages recoverable by survivors for their own losses were proximately caused by the negligence of the tort feasor.
Rather, this Court believes and holds that the issue must be decided in the light of the obvious purely public policy decision which prompted the legislature to enact a limited wrongful death statute to overcome prior jurisprudence which held there could be no recovery in this area. It is evident that the legislature, notwithstanding the reluctance of the courts to award damages for pain and suffering resulting from injury to third parties, and for wrongful death of another, decided there should be a limited class of persons entitled to such recovery.
Although plaintiffs concede that Widow alone should be permitted to recover for Decedent’s death, application of the principle advocated by plaintiffs would lead to what this Court considers absurd, unconscionable results.
If, as plaintiffs contend, Decedent’s demise occasions recoverable claims by Widow either under the proximate cause or duty-risk theory of our rules governing liability, it follows that if Widow committed suicide due to grief over her husband or son, or a combination thereof, Widow’s beneficiaries would have a cause of action for her death. Further, if one of Widow’s beneficiaries followed suit out of grief over the death of the sibling, father or mother, or any combination thereof, the 2315 beneficiaries of said party would in turn have a wrongful death cause of action against the tort feasor. This Court cannot conceive that the legislature intended such a domino or chain reaction effect to emanate from the wrongful death of the tort victim.
Assuming Decedent unsuccessfully attempted suicide because of his delirium and inflicted resulting serious, disabling personal injuries on himself, could it be logically argued that Article 2315 allows him to recover for such injuries inflicted upon himself? This Court believes not. Again, this Court deems the statute was intended to apply only to those instances therein expressly set forth.
This Court is of the opinion the legislature intended that the following rights only arise out of the pertinent provisions of Article 2315: (1) A survivorship action in favor of the estate of the designated beneficiaries to recover for the deceased’s pain and suffering and losses, if any, and; (2) A wrongful death action in favor of those persons specifically authorized to sue for their own losses resulting from the death of the tort victim. It does not include the right of one beneficiary to sue for the death of a co-beneficiary for losses which the surviving beneficiary sustains from the death of his or her fellow beneficiary, notwithstanding causal relationship between the negligence of the tort feasor and the death of the co-beneficiary.
Accordingly, it is ordered, adjudged and decreed, and judgment hereby rendered herein in favor of defendant, Caterpillar Tractor Company, sustaining the exception of no cause of action filed herein on behalf of said Exceptor as to the claims of all plaintiffs herein predicated upon the alleged wrongful death of decedent Frank M. Vaccaro, Sr.
It is further ordered, adjudged and decreed and judgment hereby rendered herein dismissing and rejecting all claims of plaintiffs for damages for the alleged wrongful death of decedent Frank M. Vaccaro, Sr., with prejudice and at plaintiffs’ cost.

. The assertion of counsel for plaintiffs that there was no abandonment of the claims of the children to sue for damages for personal losses due to Mr. Vaccaro’s death is noted. We recognize that those claims are also at issue herein.